People of the State of Illinois, Defendant in Error, v.
Casimir Prell, Plaintiff in Error.

Gen. No. 40,321.

Opinion filed February 27, 1939.

JOHN P. and DAVID L. COGHLAN, of Chicago, for plain-
tiff in error.

THOMAS J. COURTNEY, State's Attorney, for defend-
ant in error; EDWARD E. WILSON, JOHN T. GALLAGHER,
MELVIN S. REMBE and BLAIR L. VARNES, Assistant
State's Attorneys, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

On October 28, 1937, the defendant, Prell, was found guilty under an information filed by Louise Bewersdorf of driving an automobile "with a wilful and wanton disregard for the safety of persons or property" contrary to the statute. (U. A. R. T. Ill. Rev. Stat. 1937, ch. 95½, sec. 48, p. 2110 [Jones Ill. Stats. Ann. 85.177].) The motion of defendant for a new trial was overruled on December 30, and defendant having in the meantime filed an application for release on probation, a hearing was had and an order entered as prayed.

The judgment order recites the filing of the application, the hearing of the evidence, finds defendant had never been convicted of any crime or misdemeanor previously, has no means wherewith to pay a fine, that the offense is one that permits his release on probation, that there is reasonable ground to expect reformation, that the interests of society will be subserved by his release on probation for one year, that during that time the cause shall stand continued and the court retain jurisdiction; that defendant shall be under the care of the chief probation officer or one of his subordinates, and that "said release shall, however, be upon the following terms and conditions of probation. That defendant shall not, during the term of said probation, violate any criminal law of the State of Illinois or any ordinance . . . ; that said defendant shall appear in person before this court at such times as this Court may direct, or any rule of court provide; that said defendant shall enter into a recognizance without surety in the sum of Five Hundred and no/100 Dollars ($500.00) securing the due performance of the conditions imposed by this court"; etc. This bond was executed and approved on the same day, December 30, 1937.

The record shows nothing more until April 18, 1938, when it appears defendant was before the court, by what process does not appear. The record merely shows "Hearing on violation of probation postponed to April 19, 1938." The hearing was postponed from time to time. There was an order on June 21, 1938, increasing bail from $500 to $1,000, and the hearing again postponed to June 28th. On June 21, 1938, the attorney for Bewersdorf, the prosecuting witness, filed a petition in her behalf verified by himself. The petition prayed that the order granting probation might be revoked and the records of the court corrected so as to show that the probation was on condition that defendant should pay to Dr. Bewersdorf the sum of $500. Defendant made a motion to dismiss this petition which was granted and it was dismissed on June 28th. Evidence was heard and the State's attorney moved for final judgment on the verdict. The motion was granted. The probation of defendant was canceled and he was sentenced to the house of correction for 60 days and ordered to pay a fine of $250 and to stand committed until it was paid. To reverse this order the defendant sued out this writ of error.

Section 3 of the Probation Act (Ill. Rev. Stat. 1937, ch. 38, p. 1208 [Jones Ill. Stats. Ann. 37.773]) provides that before granting any request for probation the court shall require the probation officer to investigate accurately and promptly the case of defendant to ascertain his residence and occupation, whether or not he has been previously convicted of a crime or misdemeanor, or previously has been placed on probation, and that the court may in its discretion require further information; that orders granting or refusing release on probation shall be entered of record, and that "if such application is granted, the judge granting the same shall thereupon enter an order continuing the cause for a period not exceeding six months in cases

of violation of a municipal ordinance and not exceeding one year in the case of other offenses, and shall by such order fix and specify the terms and conditions of the probation of such defendant as herein provided."

From the stricken petition and from the evidence in the record it is apparent the real cause of complaint against the defendant was his failure to pay to the prosecuting witness the sum of $500 as supposed damages which she sustained as a result of his wilful and wanton driving. The order of probation in fact contained no such condition and could not properly have so provided. There is nothing in the probation law upon which such an order could be based and nothing in it disclosing an intention on the part of the legislature to grant power to the court to use the criminal process for the purpose of collecting damages to person or property. How such payments could be regarded as "restitution" within the meaning of the law we are at a loss to understand. Section 6 of the Probation Act [Ill. Rev. Stat. 1937, ch. 38, § 789; Jones Ill. Stats. Ann. 37.776] makes provision for the enforcement of the conditions upon which probation is granted. It provides that the court may upon report by a probation officer or other satisfactory proof of the violation by the probationer of any of the conditions of his probation revoke and terminate the same and issue a warrant for the arrest of the probationer, and that the court may enter a rule upon the probationer to show cause why his probation should not be terminated and judgment entered and sentence imposed upon the original conviction. There was no report filed by a probation officer nor accusation filed by anybody else, nor rule to show cause entered. The only petition filed was stricken. There was evidence tending to show that defendant had previously been convicted of violating a speed ordinance and fined $2.00 and costs, but the evidence was contradictory and

there is no finding to that effect in the final order. A violation of a speed ordinance for which a fine of $2.00 was imposed hardly takes on the character of a crime or misdemeanor within the meaning of the probation statute.

There is nothing in this record which would give the court jurisdiction to revoke defendant's probation. (*People v. Huyvaert*, 209 Ill. App. 40.) The proceedings were unusual, contrary to the spirit and purpose of the Probation Act and beyond the jurisdiction of the court. The judgment will therefore be reversed and the defendant discharged.

*Judgment reversed and defendant discharged.*

McSURELY, P. J., and O'CONNOR, J., concur.