The People of the State of Illinois, Plaintiff-Appellee, *v.* Elaine Baumgarten, Defendant-Appellant.

(No. 57993;

First District (5th Division)—June 29, 1973.

Irwin L. Frazin and Frederick F. Cohn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Robert L. Horwitz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from an order revoking her probation (for failure to meet scheduled restitution payments which were a condition of probation) and sentencing her to one to three years in the women's reformatory. She contends the trial judge erred (1) in refusing to temporarily suspend restitution payments and (2) in revoking her probation.

On April 16, 1970, defendant entered a plea of guilty to a single charge

of theft by deception of $1,600 arising out of her dealings as a real estate broker. There were many other complaints pending against her and, she having agreed to make total restitution, the trial judge, acting on the State's recommendation, placed her on five years probation and ordered her to make payments to the adult probation department in the total amount of $120,132 at the rate of $2,000 per month commencing on May 15, 1970. Defendant was informed by the trial judge that failure to make the restitution payments would be a violation of her probation and could result in a penitentiary sentence based upon the original plea of guilty. Subsequently, on motion of the State, the total amount of restitution was reduced to $92,482, apparently based on a recalculation of monies owed to her former clients.

She made payments from May 15, 1970, until August 18, 1971, when, on her motion, an order was entered reducing her monthly payments to $1,000 for a period of six months because of her alleged inability to pay a higher amount resulting from: (1) her continued poor health and (2) her separation from her husband who had been assisting her in making the payments. She continued the reduced monthly payments until December, 1971 or January, 1972 (the record is not clear as to when the last payment was made). At that time she had paid a total of $34,888 in restitution.

Thereafter, on March 2, 1972, she petitioned for early termination of her probation alleging her inability to make payments (1) because her poor health and the widespread knowledge of her conviction caused difficulty in earning income, and (2) because she was separated from her husband who had been the principal source of her payments. Her petition also alleged that initially she had cooperated fully with the State's Attorneys office by producing her records and she had paid some claims before any complaints were filed against her. In addition, it was brought out during hearings on the petition that she had been and was still devoting considerable time in voluntarily assisting the United States government in an investigation of fraudulent Federal Housing Administration practices.

When her petition was called for hearing on March 2, 1972, the adult probation department petitioned for a Rule to Show Cause why her probation should not be revoked because she had discontinued payments. At a subsequent hearing on March 27, 1972, defendant testified that her estranged husband would no longer assist her in making the payments and at that time she had no funds to do so. She also testified that she expected to receive monies in the future which would be used to make payments.

The petition of defendant prayed for early termination of her probation but during the last hearing on March 27, 1972, her attorney made an oral request that her probation be continued but that her payments be suspended for three or four months so that she could "check" on her financial circumstances. On that date the trial judge revoked probation and sentenced defendant. It does not appear from the record that he gave any consideration to the request for temporary suspension of payments and this is further indicated in his reasons for revoking probation which were (1) that if he were to terminate her probation because of inability to pay, he would be setting a precedent which could result in many other defendants discontinuing payments and petitioning for probation termination alleging a lack of funds to pay and (2) that, in fact, she was not making payments.

OPINION

The code of criminal procedure (Ill. Rev. Stat. 1969, ch. 38, par. 117—1) sets forth the factors to be considered for probation in an offense of the type involved here. In pertinent part it reads as follows:

"(a) A person who has been found guilty of any offense except a capital offense, the sale of narcotics or rape may be admitted to probation when it appears that:

(1) The defendant is not likely to commit another offense;

(2) The public interest does not require that the defendant receive the penalty provided for the offense; and

(3) The rehabilitation of the defendant does not require that he receive the penalty provided for the offense."

The question of the granting or revoking of probation is normally within the discretion of the trial court. (*People v. Mylander* (1971), 3 Ill.App.3d 252, 278 N.E.2d 492.) However, we believe that the factors enumerated in par. 117—1 of ch. 38 should be considered both in the granting of probation and in the revocation thereof. Here the record does not disclose whether the court considered any of these factors at the time of the probation revocation. We have noted, however, that defendant had no prior criminal record, that she had made restitution payments before any complaints had been received by the State's Attorney's office, that she cooperated completely with the State's Attorney, that her agreement to make restitution included complaints which may have been non-criminal in nature, that she made payments totaling $34,888 before experiencing the financial difficulties alleged in her petition and that she voluntarily presented a petition to the court to explain her reasons for discontinuing payments. It also appears that at the hearing on March 27, 1972, the following colloquy took place:

"State: Do you expect any money in the near future which would enable you to make such payments?

Defendant: If I ever have anything they can have it. I just don't have it now."

We are aware of the fact that there remains $57,602 to be paid, but we are of the opinion that defendant was making a reasonable effort to complete restitution until her financial problems arose and we believe that there is sufficient indication in the record of the possibility of future payments so that the trial judge, in the exercise of his discretion, should have considered the continuation of probation and the requested temporary suspension of payments.

Our review is limited to the extent of determining whether the trial court did, in fact, properly exercise its discretion or whether it acted in an arbitrary manner. (*People v. Saiken* (1971), 49 Ill.2d 504, 275 N.E.2d 381.) We have reviewed the record to make this determination in the light of par. 117—1, ch. 38 and we believe (1) that inasmuch as more than three years have elapsed since her plea of guilty was entered there is little likelihood defendant will commit another offense, (2) that in view of defendant's record of past payments, it would appear to be in the interest of the public, particularly the persons offended, that she be allowed to continue in her efforts to obtain funds so that future payments could be made, and (3) that her prospects for successful rehabilitation would be better served by continuation of her probation with temporary suspension of payments, rather than by incarceration at this time.

The record also indicates that during the hearing no detailed inquiry was made of the defendant concerning the prospect of funds becoming available for future payments and we believe it would have been in the best interests of all concerned that this should have been done before revoking probation.

■■ For the reasons stated we believe that the trial judge acted arbitrarily in his determination and, accordingly, we vacate the sentence imposed and reverse the order revoking probation.

In *People ex rel. Ward v. Moran* (No. 45197, May Term, 1973), our Supreme Court directed the procedure to be followed where a reviewing court reaches the conclusion we have here and, in compliance therewith, we remand this cause to the circuit court with directions to reassign it to a different judge for further hearing on the request of defendant to continue probation and on the petition to show cause why probation should not be revoked.

At such hearing the assigned judge should consider the fact that dur-

ing oral arguments in this court defendant's attorney stated that his client now has funds available and is able to resume restitution payments in some amount to be determined.

Reversed and remanded with directions.

DRUCKER, P. J., and ENGLISH, J., concur.