## State of Vermont v. Mary Godfrey

[313 A.2d 390]

No. 217-72

Present: Barney, Smith, Keyser and Daley, JJ., and Hill, C. Supr. J.

Opinion Filed December 4, 1973

*E. Michael McGinn*, State's Attorney, and *Robert E. Farrar*, Deputy State's Attorney, for the State.

*Robert Edward West*, Defender General, and *George E. Rice, Jr.*, Deputy Defender General, for Defendant.

**Hill, C. Supr. J.** The defendant, Mary Godfrey, was charged with welfare fraud, contrary to 33 V.S.A. § 2581, in the amount of Six Hundred and Eighty-four Dollars ($684.00). The offense charged took place between March 15, 1972, and July 1, 1972. Trial by court was held on November 15, 1972, before the District Court of Vermont, Unit No. 3, Franklin Circuit. On

December 6, 1972, the lower court issued a judgment order finding the respondent guilty of the offense charged. She has taken her appeal from this judgment.

The evidence, taken in the light most favorable to the State, was that the respondent was married to Irving Godfrey. On February 8, 1972, she applied for welfare benefits by executing a form "Application for Aid and Services" wherein she asserted that she was pregnant and that her husband was in detention by reason of being "AWOL". She also certified and acknowledged that she would be required to report changes in household situations, including persons moving into her house, and that the giving of false or misleading information would subject her to prosecution for fraud.

On March 15, 1972, her husband, although still "AWOL", came to live with respondent and remained with respondent in their home until July 1, 1972. During this period, she continued to receive welfare benefits. She did not report the presence of her husband, and, as a matter of fact, lied to the representative of the Department of Social Welfare concerning his non-presence so she would continue to receive benefits.

The concluding finding was that the respondent fraudulently received monetary benefits from the Department of Social Welfare as the result of fraudulent statements made or information withheld.

The respondent raises two questions in this appeal. One claim is that the trial court's findings are deficient in that they were inconsistent with the evidence with reference to the respondent's intent to defraud the state of Vermont. She points out that the evidence is unrebutted that her intent was not to defraud the State because of her continuing belief that her husband was returning to the military authorities.

█  Criminal intent, to be sustained, is not the secret intent of the respondent but is determined by her conduct and attending circumstances during the period of the alleged fraud. *State* v. *Deso*, 110 Vt. 1, 1 A.2d 710 (1938).

Tested by the above rule and by the further rule that the findings of the lower court must be affirmed if there is any credible evidence to support them, the findings must be affirmed. *Lane Construction Corp.* v. *State of Vermont and Highway Board*, 128 Vt. 421, 428, 265 A.2d 441 (1970).

Respondent has not denied any of the findings of fact. She has only pointed out that there is unrebutted evidence of her continuing belief that her husband was returning to North Carolina, from where he was "AWOL" from the United States Marine Corps. She was also in fear of bodily harm to herself if she reported her husband's presence and she was in fear of bodily harm to her husband if the authorities were made aware of his whereabouts prior to his voluntary return to North Carolina.

All this evidence is subjective and only discloses secret intent which is not sufficient to overcome the findings of her conduct and surrounding circumstances. No error is shown.

The second claim is that the trial court erred in ordering the respondent to make restitution in the amount of $684.00. The record before us discloses that the sentence of the court was sixty days, suspended. However, she was placed on probation and ordered to pay restitution in the amount of $684.00.

This matter was discussed in the case of *State* v. *Benoit,* 131 Vt. 631, and 313 A.2d 387 (1973) decided at this term of Court, and the same answer is reached in this case.

*Judgment of conviction affirmed. The sentence imposed below is reversed and remanded with directions to the lower court to impose sentence upon the defendant in conformance with the statute and the views expressed in State v. Benoit.*