THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL TID-WELL, Defendant-Appellant.

(No. 60531; ▮▮▮▮▮▮▮)

First District (2nd Division)—October 21, 1975.

James J. Doherty, Public Defender, of Chicago (Aaron Meyers and Ira Churgin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a prosecution by a complaint which charged the defendant, Carl Tidwell, with criminal damage to property in violation of section

21—1(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 21—1 (a)).[1] After a nonjury trial, he was found guilty and the court sentenced him to one-year probation, subject to the condition that, through the probation department, he pay the complaining witness $200 for restitution of damages.

In this appeal, defendant presents. five issues. 1. Whether a complaint that did not state the amount of the alleged criminal damage adequately advised him of the nature and elements of the offenses so he could prepare his defense. 2. Whether he could be prosecuted by a complaint when the court found he had damaged the complaining witness' property in an amount that made his conduct felonious and thus prosecutable only by an indictment. 3. Whether, in open court, he knowingly and understandingly waived trial by jury. 4. Whether the trial court erred and abused its discretion by its order directing defendant, as a condition of his probation, to pay $200 in restitution, without criminal damage in that amount being proved by competent evidence, and when uncontroverted proof disclosed that defendant did not have funds to pay restitution. 5. Whether the trial court made an impermissible delegation of its duties when it ordered defendant, as a condition of his probation, to pay $200 restitution but left to the probation department the power to decide how the payment was to be made. These issues arise from the following facts.

On April 2, 1974, in the municipal division of the circuit court of Cook County, a misdemeanor complaint was filed alleging "that Carl Tidwell has, on or about 16 Dec 73 at 3034 West 38th Pl committed the offense of damage to property in that he knowingly and wilfully without proper authority caused damage to 1966 Rambler to wit: breaking windshield, left side front window and headlights the property of Annie Lou Warren [*sic*]." It is the wording of this complaint, the lack of any allegation concerning the money amount of the alleged criminal damage, that defendant points to in raising the first issue presented for our review. He argues that the absence of any information concerning the extent of the alleged criminal damage precluded him "\* \* \* from knowing whether he was being tried as a potential misdemeanant, or a potential felon, and, without this knowledge, his defense could not adequately be prepared."

■■ We reject this argument. Our statute on criminal damage to property does not make amount of the damage an element of the offense. The

---

[1] This statute provides that "[a]ny of the following acts shall be a Class A misdemeanor and any act [that knowingly damages the property of another without his consent] \* \* \* when the damage to property exceeds $150 shall be a Class 4 felony \* \* \*."

amount of the damage is material only in determining whether the crime is a misdemeanor or a felony. (See Ill. Rev. Stat. 1973, ch. 38, par. 21—1(a).) Accordingly, it has been held that where a defendant is found guilty of a misdemeanor criminal damage to property; that is, damage of less than $150, proof of the exact monetary amount is not required. (*People v. Vesley*, 86 Ill.App.2d 283, 229 N.E.2d 886.) We believe it illogical to argue that a misdemeanor complaint charging criminal damage to property without an allegation of the money amount of damages precludes a defendant from knowing whether he is being tried as a potential misdemeanant or a potential felon. Felonies, in this State, can be prosecuted only by indictment, unless that procedure is understandingly waived by the accused in open court, expressly concurred in by the State. (See Ill. Rev. Stat. 1973, ch. 38, par. 111—2(a).) Plainly, then, where, as in a case like this one, a defendant is prosecuted by a complaint, it should be clear to him, as it is clear to everyone else, that he is not being tried as a potential felon. The legal sufficiency of a complaint is determined by section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 111—3). This provision does not require that a misdemeanor complaint for criminal damage to property contain allegations concerning the amount of the damage. Consequently, we conclude that the complaint by which defendant was tried adequately advised him of the nature and elements of the offense so he could prepare his defense.

The record shows that proceeding on this complaint, and after hearing evidence, the court found defendant guilty, placed him on probation but required him to pay $200 for restitution of damages. Pointing to this amount, and concluding that this was the amount of criminal damage the court found he had committed on the complaining witness' property, defendant argues that he could not be prosecuted by complaint because the statute under which he was prosecuted provides that when knowing damage to the property of another exceeds $150, the offense is a Class 4 felony. Therefore, defendant argues, the only procedure by which he could be tried was by an indictment.

■■ This, in our judgment, is a highly sophisticated argument. The ready answer to it, from our point of view, is that a defendant should never be heard to complain that he was charged with and found guilty of a misdemeanor when the evidence proved he had committed a felony. (Compare *People v. McVet*, 7 Ill.App.3d 381, 287 N.E.2d 479.) Moreover, the paragraph of the criminal code under which defendant was prosecuted provides that any act by which a defendant knowingly damages the property of another without the owner's consent is a Class A misdemeanor. (See Ill. Rev. Stat. 1973, ch. 38, par. 21—1(a).) Section 111—1 of the Code of Criminal Procedure provides that, when authorized

by law, prosecution of a criminal offense may be commenced by a complaint. (Ill. Rev. Stat. 1973, ch. 38, par. 111—1(a).) Misdemeanors are criminal offenses prosecuted by complaints. (See *People v. Williams*, 37 Ill.2d 521, 229 N.E.2d 495; *People v. Mikota*, 1 Ill.App.3d 114, 273 N.E. 2d 618.) Therefore, it follows that defendant could be prosecuted on the complaint by which he was charged even though the trial court found that the amount of damage he committed on the complaining witness' property made the conduct felonious. This brings us to defendant's trial and the issue he raises concerning his waiver of trial by jury.

We notice from the record that he was arrested on December 16, 1973; and on the next day, represented by privately retained counsel, he was granted a bail hearing. The case was continued for trial to February 4, 1974, and that day continued to April 2. When defendant appeared for trial, the same counsel, after identifying himself to the court and stating for the record that defendant was present, said that they were ready for trial and that trial by jury was going to be waived. Defendant did not express himself; he did not object to his counsel's representations concerning the jury waiver; in fact, he said nothing. Nonetheless, he now argues that he did not knowingly and understandingly waive his right to a jury trial because it does not appear that his counsel consulted with him; but it does appear that he lacked funds with which to employ another lawyer had he objected to the representations that were made on his behalf. In this way, defendant distinguishes *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397.

■■ We appreciate the subtlety of this argument; but we are constrained to disagree because recently, in *People v. Murrell*, 60 Ill.2d 287, 290, 326 N.E.2d 762, the supreme court reasserted the rule of *Sailor*, holding that "[a] defendant who permits his attorney, in his presence and without objection, to waive his right to a jury trial is deemed to have acquiesced in, and is bound by, his attorney's action." In this case, the principle has particular application because before he went to trial, defendant was represented by privately retained counsel for nearly four months, during which he appeared in court three times. Therefore, this is not an instance in which counsel was appointed for an indigent defendant on the day of trial, and the record discloses a lack of opportunity for consultation and advice concerning the right to trial by jury. (Compare *People v. Baker*, 126 Ill.App.2d 1, 262 N.E.2d 7.) Accordingly, we conclude that defendant knowingly and understandingly waived trial by jury when he remained silent while his lawyer told the court he was foregoing this important constitutional right. See *People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182; *People v. Durham*, 23 Ill.App.3d 737, 320 N.E.2d 144.

As a consequence, the trial proceeded without a jury. And concerning

the dollar amount of the damage to the 1966 Rambler, the only witness who testified was its owner, Annie Lou Warren. She told the court that after her return home to Dover, Illinois, she had the automobile repaired for a total cost of $209. She was not asked for, nor did she produce, a receipt showing the claimed payments on the repairs. She did not produce any evidence to corroborate or substantiate what she said concerning the extent to which her automobile was damaged. From this fact, defendant questions whether the money amount of the criminal damage was proved by competent evidence. He buttresses this question with the fact that, in one court appearance, Ms. Warren quoted a repairman as having said that her automobile was damaged beyond repair. Thus, defendant argues that on the evidence, the trial court erred in finding $200 in damages to Ms. Warren's automobile.

■■ This argument overlooks the nature of the proceedings in which the trial court made its finding. The case below was not a suit to recover damages to personal property. (See *Lucas v. Bowman Dairy Co.*, 50 Ill. App.2d 413, 200 N.E.2d 374.) It was a misdemeanor prosecution in which the State did not have to prove any monetary damage to the property in question. (See *People v. Vesley*, 86 Ill.App.2d 283, 229 N.E.2d 886.) The question of damages related only to the court's exercise of its power to place defendant on probation. (See Annots., 56 A.L.R. 3d 932 (1974); 97 A.L.R. 2d 798 (1964).) And in such a proceeding, it is generally said that strict rules of evidence do not apply. (*People v. Obermoeller*, 1 Ill.App. 3d 890, 275 N.E.2d 459 (abstract opinion).) What the judge should hear or have presented for his consideration in such a proceeding is subject to the parameter of reasonableness; not technical rules of evidence. (Compare *People v. Schleyhahn*, 4 Ill.App.3d 591, 281 N.E.2d 409.) Of course, in proceedings such as this a defendant is free to cross-examine witnesses and contradict them with other evidence. In this case, defendant did not contradict the complaining witness.

Generally, if damage to personal property is repairable, the measure of damages is the reasonable cost of the repairs, plus the difference in value, if the value after repairs is less than the value before the damage. (*Kroch's & Brentano's, Inc. v. Barber-Colman Co.*, 16 Ill.App.3d 412, 306 N.E.2d 522.) And as to proof of payment for such repairs, what one actually pays is, in the absence of anything to indicate bad faith, admissible to show payment and the reasonableness of the cost. (See *Travis v. Pierson*, 43 Ill.App. 579; compare *Harrington v. Kelly*, 57 Ill.App.2d 262, 205 N.E.2d 652.) Ms. Warren, without contradiction, testified to the amount she paid to repair her automobile and no one asked her for substantiation of her testimony. She was not contradicted by defendant, nor by any other evidence in the record. (See *Little v. People*, 157 Ill. 153, 42

N.E. 389.) Therefore, criminal damage to property in the amount of $200 was proved by competent evidence.

It was this amount, as restitution, that the trial court ordered defendant to pay the complaining witness as a condition of his probation. However, the record shows that when defendant testified in his defense and in mitigation of the offense, he told the court that he was married and lived with his wife and three children; that he was a dock worker but was ill and had been unemployed for more than a month. Without contradiction, he testified that he was not receiving unemployment compensation, and was without any source of income. When the trial court announced it was going to condition the one-year probation with a payment of $200 in restitution, defendant's counsel objected on the ground that the money could not be paid. The trial court rejected the objection and ordered defendant to pay the restitution. In this court, he raises the issue whether ordering him to pay restitution when the record showed he had no funds was an abuse of the trial court's discretion.

■■ Unlike statutes that have been adopted in other jurisdictions, the provisions of our criminal code do not require that restitution or reparation be predicated on the prospective probationer's ability to pay. (Compare N.Y. Penal Law § 65.10(2)(f) (McKinney 1967); 28 Vt. St. Ann. § 252(b)(5)(1970), as amended (Cum. Supp. 1974); see *People v. Lofton* (1974), 78 Misc. 2d 202, 356 N.Y.S. 2d 791; *State v. Benoit* (1973), 131 Vt. 631, 313 A.2d 387; *State v. Godfrey* (1973), 131 Vt. 629, 313 A. 2d 390.) Our criminal code provides only that in granting probation the court may, in addition to other conditions, require that the person make restitution or reparation in an amount not to exceed the actual pecuniary loss or damage to the property in question. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(10).) Implicit in this grant of statutory power is the requirement that *its* exercise, when probation conditions are imposed, be reasonable and just. See *People v. Mahle*, 57 Ill.2d 279, 312 N.E.2d 267; compare *People v. Holzapple*, 9 Ill.2d 22, 136 N.E.2d 793; *People v. Prell*, 299 Ill.App. 130, 19 N.E.2d 637; *People v. Dawes*, 132 Ill.App.2d 435, 270 N.E.2d 214.

When viewed against these provisions, a probation order conditioned on the payment of money as restitution or reparation by a defendant whom the record shows is ill, unemployed and without funds, is not unreasonable. Conceivably, during the term of his probation, the defendant's health, employment and finances may improve. However, it is now settled that a probation order cannot be revoked if the only claim of violation is the probationer's failure to pay money he does not have. (See *People v. Boucher*, 57 Ill.2d 225, 311 N.E.2d 679; *People v. Baumgarten*, 13 Ill.

App.3d 189, 300 N.E.2d 561; Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4 (d).) Therefore, we conclude that, in this case, conditioning defendant's one-year probation with the requirement that he pay $200 to the complaining witness as restitution was not an abuse of discretion.

● 6   As to the issue whether the trial court made an impermissible delegation of its duties in connection with the payment of restitution, we have examined the record and conclude that defendant's argument in this connection is without merit. We observe that the trial court, after ordering restitution, directed that the payments be at least $20 each month so that the entire sum would be paid within the probation period. This was not an improper delegation of judicial duty. (See *People v. James*, 25 Ill.App.3d 533, 323 N.E.2d 424 (abstract opinion).) For these reasons, the judgment is affirmed.

Affirmed.

DOWNING, P. J., and STAMOS, J., concur.