THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NAOMI EDWARDS, Defendant-Appellant.

Fourth District   No. 4—84—0774

Opinion filed August 12, 1985.

Daniel D. Yuhas and Judith N. Kirby, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

The defendant, Naomi Edwards, appeals her conviction of theft of property having a value in excess of $300. She was charged by information with alternative counts of theft of property having a value in excess of $300. She was convicted after a jury trial and was placed on probation for a period of 24 months, with conditions of probation specifically including that she make restitution in the sum of $5,884.92 and serve a jail term of 30 days. The defendant presents three issues for review by this court: (1) whether plain error occurred when the jury was not instructed as to an element of theft, "pursuant to a common scheme or design," which was charged in the information; (2) whether the trial court erred by failing to consider her ability to pay restitution and failing to determine a payment schedule or the time within which restitution was to be made;

and (3) whether the trial court abused its discretion by sentencing her to a jail term of 30 days as a condition of probation.

Inasmuch as the parties are acquainted with the facts in this case, they will be reviewed only insofar as they are deemed appropriate for a decision in this case.

The defendant was charged with two counts of theft of property having a value in excess of $300 in an information filed May 24, 1984. Count I alleged that the defendant committed the theft on or about May 23, 1984, and count II charged and alleged that the defendant committed theft pursuant to a common scheme or design, between the approximate dates of January 1, 1984, and May 24, 1984. See Ill. Rev. Stat. 1983, ch. 38, pars. 16—1(a)(1), 111—4(c).

The only issue instruction given was as follows:

"To sustain the charge of theft of property exceeding $300.00 in value, the State must prove the following propositions:

FIRST: That [a banking corporation] was the owner of the United State's currency in question; and

SECOND: That the defendant knowingly exerted unauthorized control over the United States currency exceeding $300.00 in between January 1, 1984 and May 24, 1984; and

THIRD: That the defendant intended to deprive [a banking corporation] permanently of the use or benefit of the United States currency.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

This instruction as originally submitted by the State did not show any value or the dates as to the property taken. At the conference on instructions, the defense counsel objected that defendant was entitled to have the dates shown on both counts, further stating:

"I think that's a proper case to give a modified instruction to show that this money was taken at some time between the period of January 1, 1984 and May 23, 1984, because I think that's both of those dates they have alleged in there and I think we're entitled to have an instruction ***."

Defense counsel further stated that he believed the State had to instruct as to each count, but that the date had to be shown. The prosecutor responded consistent with an earlier argument made on

defendant's motion for election on counts, stating that there was not any issue about the dates, that it was just two forms of the same charge, and that it did not make a difference when in the period of time the money was taken. Defense counsel argued that the State had to prove that the defendant took the money within the dates charged. The court directed that the instruction be modified so that it showed that (1) the amount of property taken exceeded $300 in value, and (2) the defendant knowingly exerted unauthorized control over the amount between the dates of January 1, 1984 and May 24, 1984.

It appears that the instruction as originally submitted was phrased primarily in terms of count I of the information, as it alleged neither common design nor specific date(s). After its modification, it appears as a hybrid which included the dates shown on count II of the information, as occurring between January 1, 1984, and May 24, 1984, but without mention of common scheme or design. Although the defendant argues that this is an instruction as to count II of the information, there is nothing in the record to indicate that this was the intention of the court other than the connection being the dates of the offense. No objection was made by the defendant concerning the failure of the instruction to include the words "pursuant to a common scheme or design." Defense counsel stated that he had no objection to the instruction as modified by the court. Defendant claims on appeal that she was prejudiced by the failure to instruct on the common scheme or design element of the theft because the State did not attempt to prove the dates on which a series of acts allegedly took place, or whether over $300 was taken on any one particular occasion, and that unless a common scheme is proved, it is conceivable that she could have been charged with multiple misdemeanor thefts rather than a Class 3 felony theft.

■ The State asserts that the defendant has waived any claim of error as to the instruction given by the court. Where, as here, the defendant does not object to an instruction given to the jury, and does not tender an instruction which should have been given instead, the defendant waives the objection for purposes of appeal. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027.) Defendant neither objected nor raised the issue of the instruction in her post-trial motion, and it may be deemed waived for purposes of appeal. While substantial defects are not waived by the failure to make timely objections to instructions (87 Ill. 2d R. 451(c)), the general waiver rule otherwise does apply.

■ We find that the failure to include the words "pursuant to a common scheme or design" in the instruction was not plain error, and the issue may be treated as waived. It cannot be stated that the evidence in this case was closely balanced. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248.) Defendant was employed as a teller at a bank. An audit at the facility disclosed a shortage in her teller drawer in the amount of $6,048.50. Defendant had stated to an officer that she had been taking money from her drawer over a period of time, and had not been discovered in prior audits. She had also made statements in this regard to other tellers. The audit took place over the course of several days, and the testimony suggests that the defendant had attempted to shift money between the vault cash and her drawer, and had borrowed money from three other tellers on May 22, in an apparent attempt to hide the shortage. The theory of the State's case was clearly before the jury. In a case such as this, it may not be possible for the State to prove the amount and date of each theft of the defendant. She was not prejudiced by the language of the instruction as it is clear that within the time period charged, she committed acts in furtherance of the scheme and to prevent the discovery of the missing money. To this end, she exerted control over substantial sums of money obtained from other tellers and vault cash. No error.

■ The defendant also asserts that the trial court violated section 5—5—6(f) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6(f)) when it failed to consider her ability to pay restitution and failed to determine a payment schedule or time within which restitution must be made. The State agrees that the order of restitution must be remanded to allow the trial court to establish a payment plan for the defendant, but argues that (1) defendant has waived any contention of error as to her ability to pay by acknowledging the propriety of restitution below and testifying to her willingness to make restitution, and (2) the record indicates she has the requisite ability to pay.

The testimony at the sentencing hearing indicated that the defendant had three children to support, and that she was receiving public aid. She did not own any real estate and did not have any assets with which to pay any part of the restitution. She did indicate that she was looking for work and that as soon as she got employment would make arrangements to start paying the money. The State's Attorney at the sentencing hearing argued that the defendant offered no restitution plan or any way to make restitution and, because of that, the defendant should be sentenced to the Department of Corrections for two years. The trial court at the time of sentenc-

ing made no mention of how the defendant was to pay the restitution in the sum of $5,884.92, other than to indicate that if she was entitled to any vacation pay, it should be set off against the amount of money owed.

We concur in the determination that the order of restitution must be remanded to permit the court to establish a payment plan, but otherwise reject defendant's argument for several reasons.

First, we agree that defendant has waived any complaint about her ability to pay restitution by arguing its appropriateness and her willingness to make payment. *People v. Wilson* (1980), 87 Ill. App. 3d 544, 551, 408 N.E.2d 1209, 1213.

■ Second, we agree that the record contains affirmative support for the defendant's ability to pay. Although unemployed at the time of sentencing, having been discharged for committing this offense, she has a history of employment, has completed several years of college coursework, and testified she was looking for work and would be willing to pay restitution in installments after she finds a job.

■ Third, the sentencing hearing was conducted on October 4, 1984, and the restitution provision in effect provided in part:

"[An] offender *may be* sentenced to make restitution which shall be determined by the Court as hereinafter set forth:

(a) At the sentence hearing, the court shall determine *** whether the defendant should be required to make restitution in cash, for *** losses *** found to have been proximately caused by the conduct of the defendant ***.

(b) In fixing the amount of restitution to be paid in cash, the court shall allow credit for property returned in kind, for property damages ordered to be repaired by the defendant, and for property ordered to be restored by the defendant; and after granting such credit, the court shall assess the actual *** losses *** suffered by the victim named in the charge *** proximately caused by the same criminal conduct of the defendant, and insurance carriers who have indemnified the named victim ***.

(c) In cases where more than one defendant is accountable for the same criminal conduct which results in out-of-pocket expenses, losses, damages, or injuries, each defendant shall be ordered to pay restitution ***.

* * *

(d) In instances where a defendant has more than one criminal charge pending against him in a single case, or more than

one case ***.

(e) The court may require the defendant to apply the balance of the cash bond, after payment of court costs, and any fine which may be imposed to the payment of restitution.

(f) *Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full.*

(g) A sentence of restitution may be modified or revoked by the court if the offender commits another offense, or the offender fails to make restitution as ordered by the court, but *no sentence to make restitution shall be revoked unless the court shall find that the offender has had the financial ability to make restitution,* and he has wilfully refused to do so. ***

(h) The procedure upon the filing of a Petition to Revoke a sentence to make restitution shall be the same as the procedures set forth in Section 5—6—4 of this Code governing violation, modification, or revocation of Probation, of Conditional Discharge, or of Supervision.

(i) Nothing contained in this Section shall preclude the right of any party to proceed in a civil action to recover for any damages incurred due to the criminal misconduct of the defendant." (Emphasis added.) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6.)

As this court held in *People v. White* (1985), 135 Ill. App. 3d 561, this provision does not require the court to consider a defendant's ability to pay until (1) determining the manner of payment, or (2) considering modification or revocation of the restitution order (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 1005—5—6(f), (g)). We find merit in the reasoning stated by Justice Leighton in *People v. Tidwell* (1975), 33 Ill. App. 3d 232, 238-39, 338 N.E.2d 113, 118, wherein the court considered restitution imposed under an earlier statutory provision:

"Unlike statutes that have been adopted in other jurisdictions, the provisions of our criminal code do not require that restitution or reparation be predicated on the prospective probationer's ability to pay. (Compare N.Y. Penal Law sec. 65.10(2)(f) (McKinney 1967); 28 Vt. St. Ann. sec. 252(b)(5) (1970), as amended (Cum Supp. 1974); see *People v. Lofton* (1974), 78 Misc. 2d 202, 356 N.Y.S.2d 791; *State v. Benoit* (1973), 131 Vt. 631, 313 A.2d 387; *State v. Godfrey* (1973), 131

Vt. 629, 313 A.2d 390.) Our criminal code provides only that in granting probation the court may, in addition to other conditions, require that the person make restitution or reparation in an amount not to exceed the actual pecuniary loss or damage to the property in question. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(10).) *Implicit in this grant of statutory power is the requirement that its exercise, when probation conditions are imposed, be reasonable and just.* See *People v. Mahle,* 57 Ill. 2d 279, 312 N.E.2d 267; compare *People v. Holzapple,* 9 Ill. 2d 22, 136 N.E.2d 793; *People v. Prell,* 299 Ill. App. 130, 19 N.E.2d 637; *People v. Dawes,* 132 Ill. App. 2d 435, 270 N.E.2d 214.

When viewed against these provisions, *a probation order conditioned on the payment of money as restitution or reparation by a defendant whom the record shows is ill, unemployed and without funds, is not unreasonable.* Conceivably, during the term of his probation, the defendant's health, employment and finances may improve. However, *it is now settled that a probation order cannot be revoked if the only claim of violation is the probationer's failure to pay money he does not have.* (See *People v. Boucher,* 57 Ill. 2d 225, 311 N.E.2d 679; *People v. Baumgarten,* 13 Ill. App. 3d 189, 300 N.E.2d 561; Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(d).)" (Emphasis added.)

Section 5—5—6 was added to the Code in 1977 (1977 Ill. Laws 2266, 2267-68) and stated in part:

"If restitution is part of the disposition, the defendant shall make restitution to the victim in accordance with the following:

(a) A pre-sentencing hearing shall be held to assess the financial capacity of the defendant to make restitution as well as to determine the amount and conditions of payment at the court's discretion." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—6(a).)

At that same time, section 5—5—3 was also amended to authorize restitution as a dispositional alternative generally (see Ill. Rev. Stat. 1977, ch. 38, pars. 1005—5—3(d)(4), (e)(3), (f)(3)), whereas previously restitution had been statutorily authorized only as a condition of probation or conditional discharge (see Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b)(10)), whereunder, as stated in *Tidwell,* consideration of a defendant's ability to pay was not required except upon petition charging violation of the condition in failing to comply with the fi-

nancial obligations imposed (see Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(d)).

■ Under the circumstances as set forth in this case, it may be that during the period of probation the defendant will be able to make the restitution payments, and the court is, therefore, authorized to set up a payment schedule. Regardless of the terms of the payment of the restitution, the defendant is still protected by section 5—5—6(g) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6(g)), which provides no sentence shall be revoked unless the court finds that the offender had the financial ability to make restitution and had wilfully refused to do so. (See generally Annot., 73 A.L.R.3d 1240 (1976).) We remand, as the trial court did not make a determination of a payment schedule taking into consideration the ability of defendant to pay, as specified by section 5—5—6(f).

■ Finally, the defendant asserts that the trial court abused its discretion by sentencing her to a jail term of 30 days as a condition of probation. The court is statutorily authorized to require as a condition of sentence of probation that the offender be committed to a period of imprisonment, so long as it is not in excess of six months and the offender is not committed to the Department of Corrections. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3(d); see generally Annot., 6 A.L.R.4th 446 (1981).) The trial court has broad discretion in imposing conditions of probation (*People v. Williams* (1981), 96 Ill. App. 3d 588, 421 N.E.2d 1039), and, as indicated in *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, the reviewing court may not substitute its judgment for that of the trial court, which was in a better position to weigh the relevant factors, merely because the reviewing court might have balanced the factors differently or might have imposed a different sentence, but only if it represents an abuse of discretion by the trial court. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) There was no such abuse here.

Conviction and sentence affirmed; restitution order remanded with directions.

Affirmed and remanded.

GREEN, P.J., and TRAPP, J., concur.