THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LEROY D. RUPERT, JR., Defendant-Appellant.

Third District No. 3—86—0013

Opinion filed October 7, 1986.

BARRY, J., concurring in part and dissenting in part.

Catherine E. Churm, of State Appellate Defender's Office, of Ottawa, for appellant.

John R. Clerkin, State's Attorney, of Macomb (Walter P. Hehner, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Leroy D. Rupert, Jr., was charged by information with the offenses of burglary, unlawful restraint, and theft. (Ill. Rev. Stat. 1985, ch. 38, pars. 19—1(a), 10—3(a), 16—1(a)(1).) Following a

jury trial, the defendant was convicted of all three offenses but sentenced only on the burglary and unlawful-restraint charges. The defendant was sentenced to two concurrent four-year terms of probation, six months in a work-release program in the county jail, and $12,730.46 in restitution.

At the sentencing hearing, the State presented evidence that, arising out of the offenses, the instant electronics store suffered a loss of $12,730.46 in stolen stereo equipment and a broken window. The presentence report indicated that the defendant, age 23, had no prior criminal record, had been regularly employed, had four years of college education with a degree in law-enforcement administration, and was in good health. The report further indicated that the defendant's assets consisted of two automobiles co-owned with his mother and valued at $14,000, and approximately $6,500 in assets such as furniture, bank accounts, stereo and video equipment, and jewelry. Also, at the time of sentencing the defendant was employed at a Chicago department store as a store detective earning $6.25 an hour. His income for the previous year was between $5,000 and $6,000. On the other hand, the record revealed that the defendant's liabilities included $270 per month for a car payment, $150 per month for room and board, and over $5,000 in school and credit card loans.

In light of the preceding evidence, the trial court asked the defendant whether he could manage a restitution payment schedule of $50 per week. The defendant replied that he could not. Defense counsel stated that the defendant could rearrange his indebtedness to accommodate a $200-per-month payment schedule. The court then ordered as a condition of probation that the defendant pay restitution of $12,730.76 at $200 per month. The restitution was to be paid on or before the end of his four-year probationary period. This appeal followed.

On appeal, the defendant argues that the trial court erred in ordering the defendant to pay $12,730.76 in restitution because: (1) the order requires that payments be made for a period in excess of the five-year statutory limit; and (2) the record does not support a finding that the defendant had financial resources and future ability to pay the restitution. For reasons to be stated, we need only address the defendant's second issue.

Section 5—5—6 of the Unified Code of Corrections provides in relevant part:

"The court shall at the sentence hearing determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense. If the court determines that

an order directing the offender to make restitution is appropriate the offender may be sentenced to make restitution which shall be determined by the Court as hereinafter set forth:

(a) At the sentence hearing, the court shall determine whether the property may be restored in kind to the possession of the owner or the person entitled to possession thereof; or whether the defendant is possessed of sufficient skill to repair and restore property damaged; or whether the defendant should be required to make restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant or another for whom the defendant is legally accountable under the provisions of Article V of the Criminal Code of 1961.

\* \* \*

(f) Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full." Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—6(a), (f).

■ Restitution is intended to provide the victim of a crime compensation while a defendant is on probation and is able to work or seek work. (*People v. Knowles* (1980), 92 Ill. App. 3d 537, 414 N.E.2d 1322.) Section 5—5—6(f) requires the court to consider the defendant's ability to pay restitution when determining the manner of payment. (*People v. White* (1985), 135 Ill. App. 3d 563, 482 N.E.2d 134.) The amount of restitution ordered must be reasonable and just. (*People v. Tidwell* (1975), 33 Ill. App. 3d 232, 338 N.E.2d 113.) The purpose of restitution is "frustrated when the restitutionary order imposes an impossible financial burden." *People v. Knowles* (1980), 92 Ill. App. 3d 537, 540, 414 N.E.2d 1322, 1325.

■ Initially, the defendant urges this court to take judicial notice of the fact that on January 2, 1986, shortly after the sentencing hearing, the State filed a motion for resentencing to revoke his work-release program eligibility on the grounds that the defendant had lost the job he had held at the time of sentencing. The defendant further urges this court to note that the motion was denied because the defendant had found another job at a lower rate of pay. As it is well settled that a court may and should take judicial notice of other proceedings in the same cause which is before it and facts established therein, we shall do so here in regard to the defendant's new, lower paying job. *In re Brown* (1978), 71 Ill. 2d 151, 374 N.E.2d 209.

■ Upon reviewing the record, we find that the trial court did not realistically consider the defendant's ability to pay when it ordered the $200-per-month payment schedule. Although the defendant is young and in good health, his college degree in law-enforcement administration will in all probability be of limited use because of his present criminal record. This is most evident by the fact that he lost his job as a store detective and was required to accept alternate employment at a lower rate of pay. Further, taking into consideration the facts that the defendant's income in the previous year was no more than $6,000 and that it is not likely to increase significantly in the near future, payments of $200 per month probably would absorb at least 40% of the defendant's yearly income. After taxes, the defendant might have little else on which to live. This certainly could be an impossible financial burden that would frustrate the purpose of restitution.

*People v. Knowles* (1980), 92 Ill. App. 3d 537, 414 N.E.2d 1322, is somewhat analogous to the case at hand. In *Knowles,* the defendant was ordered to pay $53,890 in restitution, at the rate of $1,000 each month for 59 months. Because of the defendant's extensive legal debts and his $6,500 income in 1979, the court found that the defendant would be financially incapable of paying $1,000 a month for 59 months. Instead, the appellate court modified the amount of restitution from a fixed sum to 10% of the defendant's net income, payable monthly over five years. Further, the court held that any deficiency remaining at the end of the five-year period would not be assessed against the defendant in further criminal proceedings. The court reasoned that the percentage was self-adjusting and would reflect future changes in the defendant's income without requiring hearings to modify the amount of restitution should the defendant's income change appreciably.

We find the reasoning in *Knowles* to be sound and applicable to the instant case. We therefore modify the amount of restitution to 10% of the defendant's net monthly income. The defendant is still required to make monthly payments. However, the restitutionary period is now extended to five years. If the defendant should make full restitution of $12,730.46 on or before the end of five years, his liability will be terminated. However, the defendant will not be held liable in any further criminal proceedings should any deficiency remain at the end of five years.

Affirmed as modified and remanded for the issuance of new restitution terms as herein provided.

'SCOTT, P.J., concurs.

JUSTICE BARRY, concurring in part and dissenting in part:

I agree with my colleagues that the circuit court's order of restitution cannot stand in its present form since monthly payments of $200 will not result in the restitution of $12,730.46 within the period permitted by the sentencing court's order. Obviously, the sentencing order must be corrected. I part company with my colleagues' disposition of the appeal thereafter.

The circuit court is in the proper position to determine the appropriate sentence to be imposed upon a convicted defendant. (*People v. Edwards* (1985), 135 Ill. App. 3d 671, 482 N.E.2d 137.) It is a rare exception, rather than the rule, that a sentencing order should be modified in the reviewing court. See *People v. Younger* (1986), 112 Ill. 2d 422, 494 N.E.2d 145, 147 (supreme court reversed appellate court's reduction of defendant's sentence, quoting *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344, for the point that the proper standard of review for an issue charging an excessive sentence is whether the trial court abused its discretion).

In this case, the majority has elected to apply the percentage formula adopted by the *Knowles* court without regard to significant factual differences between the two cases. For instance, in *Knowles* the reviewing court justified its modification of the sentencing court's restitution order on grounds that the cause before it there had already been in litigation for more than five years. By contrast, the charge in the matter before us was brought against the defendant only 18 months ago. Moreover, the defendant before us has not even requested that we grant direct relief from the discrepant sentencing order pursuant to our Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)) authority. Defendant has requested a remand, which I believe is the appropriate relief to be granted here.

In my opinion, considering the facts presented to the sentencing court in this case, it cannot be said that either the total amount of restitution ordered or the amount of monthly installments was an abuse of the sentencing court's discretion. (See *People v. Tidwell* (1975), 33 Ill. App. 3d 232, 338 N.E.2d 113.) Unfortunately, as stated above, the two amounts cannot be reconciled, particularly considering the four-year period specified by the court's order. Further, the order as drafted by the sentencing court cannot be modified to comply with the five-year period statutorily allowed (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(f)). For these reasons, I would remand this cause to the circuit court of McDonough County for correction of the sentencing order.