THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD A. THARP, JR., Defendant-Appellant.

Fourth District   No. 4—90—0890

Opinion filed August 6, 1991.

Jack C. Vieley, of Peoria, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On June 29, 1990, pursuant to a plea agreement, defendant Donald A. Tharp, Jr., entered a plea of guilty to two counts of theft over $300 in the McLean County circuit court. (Ill. Rev. Stat. 1989, ch. 38, par. 16—1.) Defendant owned a used car lot in Bloomington, Illinois, and the charges stemmed from his taking cars on consignment, selling them, and failing to pay the money over to the owners of the vehicles.

A sentencing hearing was held on August 15, 1990, and, at the conclusion of the hearing, the trial court sentenced defendant to two concurrent terms of probation for a period of 30 months and ordered him to serve 90 days in the McLean County jail, to be served on

weekends. Defendant was also to serve 300 hours of community service and pay restitution to the victims up to the amount of $13,463.14. The court ordered the restitution be paid in full no later than May 1, 1992, with the payments to be structured on a monthly basis through the probation office.

On September 11, 1990, defendant filed a motion asking the trial court to reconsider the restitution portion of his sentence, alleging the probation office had set the monthly payments at $670 per month and defendant's income was insufficient to permit him to make these payments. Defendant also alleged in his motion that he was under an order of restitution stemming from similar charges in Tazewell County which required him to pay $358 per month (total restitution of $21,473) over a five-year period. In his motion, defendant stated his average monthly net income from employment as a car salesman was $1,150 and he had monthly expenses of $1,157.

A hearing was held on defendant's motion on December 21, 1990. At this hearing, defendant testified his average monthly net income from his place of employment was $913.98. He further testified his monthly expenses had been reduced to a total of $1,005. He testified that because his living expenses exceeded his income, he was unable to pay the required restitution payments either in McLean or Tazewell County. Upon questioning by his counsel, defendant testified he desired to make restitution as ordered by the court, but that he wished the trial court to reduce his monthly payments.

In cross-examination of defendant, the State raised questions concerning his ownership of a car newer than the one he said he owned at the time of the August 15, 1990, sentencing hearing. Defendant also admitted under cross-examination that he was permitted to use a demonstrator car from his place of employment, with a mileage limitation of 100 miles per week. Defendant testified further that he was entitled to commissions for selling cars, and that his employer was planning an expansion of the business, which he expected would eventually increase his income.

Defendant testified since the Tazewell County restitution order was entered on September 4, 1990, he had paid approximately $150 to that county in restitution. He stated he had paid approximately $200 to McLean County since entry of its restitution order on August 15, 1990.

In response to questioning by the trial court, defendant stated that he worked from 8:30 a.m. to 7 p.m. Monday through Friday and eight hours on Saturday. He testified he had no objection to getting a second job to increase his income, but that he did not know what

nighttime jobs were available, he needed to be "fairly fresh" to sell cars, and he felt he could not look for a second job until he had completed his weekend jail sentence.

The trial court expressed some displeasure with the fact defendant had only paid $200 in restitution to McLean County in the four months since the sentencing order was entered. The trial judge also suggested to defendant that he should not have paid anything to Tazewell County, since the McLean County restitution order was entered prior to the order in Tazewell County.

Defense counsel requested that the trial court reduce its restitution order to require defendant to pay 10% of his net income over a five-year period. Counsel based his request on two cases decided by the appellate court: *People v. Knowles* (1980), 92 Ill. App. 3d 537, 414 N.E.2d 1322, and *People v. Rupert* (1986), 148 Ill. App. 3d 27, 499 N.E.2d 93. The State objected to this suggestion, arguing such a change would amount to a reduction of the restitution ordered. The State suggested to the trial court that it would be appropriate to extend the period of time within which defendant must pay the restitution, in order to reduce his monthly payments.

In its closing remarks, the trial court stated it believed defendant's testimony concerning his income was "inaccurate," and suggested that defendant's wish to have his restitution reduced was "offensive to a sense of justice," considering that defendant had admitted stealing from his victims.

The trial court entered an order modifying the August 15, 1990, restitution order, requiring defendant to pay the total restitution over a period of 59 months at a rate of $225 per month. Defendant appeals from this order. We affirm.

■ Section 5—5—6 of the Unified Code of Corrections provides, in pertinent part:

> "[T]he court shall at the sentence hearing determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense. If the court determines that an order directing the offender to make restitution is appropriate the offender may be sentenced to make restitution which shall be determined by the Court as hereinafter set forth:
>
> (a) At the sentence hearing, the court shall determine whether the property may be restored in kind to the possession of the owner or the person entitled to possession thereof; or whether the defendant is possessed of sufficient skill to repair and restore property damaged; or whether the defendant should be required to make restitution in cash, for out-of-pocket

expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant ***.

* * *

(f) Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full." Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—6(a), (f).

■ The State argues this appeal should be dismissed because defendant did not file a motion in the trial court to withdraw his guilty plea and vacate the judgment pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). The State cites *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254, in support of its contention. However, the State's reliance on *Stacey* is misplaced. The holding in *Stacey* was that even if a defendant wished to appeal only his sentence entered upon a plea of guilty, and not the guilty plea itself, he must first comply with the requirements of Supreme Court Rule 604(d) and file a motion in the trial court asking that he be allowed to withdraw his guilty plea. This holding was subsequently modified by our supreme court in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218. *Wilk* is controlling here. *Wilk* held a defendant who wishes to appeal only his sentence and who, prior to appeal, files a motion in the trial court to reconsider the sentence, may appeal the trial court's ruling on his motion without first filing a motion under Rule 604(d) to withdraw his guilty plea. Thus, the defendant in the instant case is not precluded from filing this appeal.

■ The State also argues the defendant should be estopped from challenging the restitution order on appeal because he had agreed as part of his plea agreement that he would pay restitution. However, we need not decide this issue, as it is not clear from the record in this case that defendant's agreement to pay restitution was, in fact, a condition of his plea agreement. The record contains the trial court's written judgment upon defendant's plea of guilty, but it does not state defendant agreed to pay restitution. In fact, the written judgment simply indicates defendant pleaded guilty to the two counts of theft without a plea agreement. The State represented to the trial court at the beginning of the sentencing hearing that part of the agreement between defendant and the State was that defendant would pay full restitution and the State would make no recommendation as to sentence. Defense counsel did not object to those statements and, in any event, defendant himself did agree to pay restitution. However, the

transcript of the hearing on defendant's entry of his guilty plea is not a part of the record on appeal. We are, therefore, reluctant to find that defendant agreed to pay restitution as a part of his plea agreement.

■ The State next argues defendant has waived any contention of error as to the restitution order by virtue of his testimony at the sentencing hearing and at the hearing on his motion to reconsider, in which he stated his willingness to pay full restitution to the victims in the amount of $13,463.14. We agree.

A defendant cannot invite an action by the trial court and then be heard to complain about it on appeal. (*People v. Heard* (1947), 396 Ill. 215, 219-20, 71 N.E.2d 321, 323 (and cases cited therein); *People v. Miller* (1983), 120 Ill. App. 3d 495, 457 N.E.2d 1373; *People v. Beavers* (1986), 141 Ill. App. 3d 790, 491 N.E.2d 438; *People v. Hebel* (1988), 174 Ill. App. 3d 1, 527 N.E.2d 1367, *cert. denied* (1989), 489 U.S. 1085, 103 L. Ed. 2d 848, 109 S. Ct. 1544.) Here, the defendant testified repeatedly to his desire to make full restitution to his victims, and he assured the trial court he would do whatever it took to pay the restitution. Now he is asking us, in effect, to reduce the amount of the restitution he agreed to pay.

By stating his willingness to pay restitution, and by urging the trial court to sentence him to probation and to order him to pay restitution up to the amount of $13,463.14, defendant has waived any complaint about his ability to pay restitution. (*People v. Edwards* (1985), 135 Ill. App. 3d 671, 482 N.E.2d 137.) However, even if defendant had not waived his contentions of error regarding his ability to pay restitution, we could not find error in the trial court's modification of the restitution order.

Defendant relies upon two cases in contending the trial court erred in ordering him to pay $225 per month on his restitution. The first case is *Knowles*, and the second case is *Rupert*. In both cases, the defendants were required to pay restitution in monthly installments. The appellate court modified the trial court's restitution order in both cases and ordered each defendant to pay restitution up to the amount of 10% of his net income, payable on a monthly basis over a five-year period. In both cases, the court found the defendants would not be able to pay the restitution ordered by the trial court, based upon the peculiar financial situation of each defendant. These two cases did not hold that an appellate court must modify a trial court's restitution order any time a defendant claims he does not have the ability to pay restitution in the manner in which the trial court has directed.

In the instant case, we find the trial court was well within its discretion in ordering defendant to pay $225 per month. We emphasize that by relying on the *Knowles* and *Rupert* cases the defendant is, in effect, asking us to reduce his restitution. This we cannot do absent an abuse of discretion by the trial court in its modification of the restitution order. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The restitution order was part of defendant's sentence. The trial court is "normally the proper forum in which a suitable sentence is to be determined and the trial judge's decisions in regard to sentencing are entitled to great deference and weight." *Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884.

The trial court is required to fix a period of time, not in excess of five years, within which defendant's restitution must be paid in full. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(f).) This is exactly what the trial court did. In so doing, the trial judge gave defendant the most lenient payment arrangements possible.

The trial judge was in a better position than we to determine what manner of payment was appropriate. He expressed serious reservations about defendant's efforts to pay the restitution, and he frankly stated he did not believe defendant's testimony concerning his income. The trial court was in a better position to assess defendant's credibility and his ability to pay, and we defer to that assessment.

Affirmed.

GREEN and STEIGMANN, JJ., concur.