THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLIFFORD DAVIS, Defendant-Appellant.

Fifth District No. 5—83—0227

Opinion filed June 25, 1984.

Randy E. Blue and Kim G. Noffke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Robert J. Biderman and Timothy J. Londrigan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

The defendant, Clifford Davis, was convicted of rape and home invasion by a jury in the circuit court of St. Clair County. Defendant was sentenced to concurrent 30-year terms of imprisonment on both counts unless the Board of Prisoner Review decides to release defendant in less than half the time; then the sentence for home invasion is

to be served consecutively to the sentence for rape. On appeal, defendant contends that the closing argument of the prosecutor deprived him of a fair trial and that the sentence was improper.

■ Defendant contends that the prosecutor improperly commented on his failure to testify and that the prosecutor improperly stated that the defense counsel was attempting to mislead the jury. Where, as in the case at bar, defendant made no objection at trial to any portion of the State's closing argument, any claim of error is waived. (*People v. Manna* (1981), 96 Ill. App. 3d 506, 517, 421 N.E.2d 542, 550.) In any event, we are unable to say that the improper remarks were so prejudicial that defendant did not receive a fair trial or were so flagrant as to threaten deterioration of the judicial process. (See *People v. Smothers* (1973), 55 Ill. 2d 172, 176, 302 N.E.2d 324, 326.) Defendant's defense was consent; the evidence is overwhelming that the victim did not consent to defendant's act.

■ Section 5—8—4(a) of the Unified Code of Corrections states, in part:

> "(a) When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court. ***" (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(a).)

Therefore, the court must sentence defendant to a concurrent *or* a consecutive sentence. The statute does not provide for a sentence based on a contingent subsequent event as provided for in the case at bar. The proper administration of justice requires a rule that will make it unnecessary for anyone to try to figure out what the sentencing judge had in mind when imposing sentence. (*People v. Hollingsworth* (1982), 89 Ill. 2d 466, 468, 433 N.E.2d 682, 683-84.) For the foregoing reasons, the sentencing order is modified pursuant to Supreme Court Rule 615(b) (87 Ill. 2d R. 615(b)) to provide that defendant is sentenced to concurrent 30 years of imprisonment on each of the convictions in the case at bar.

Affirmed as modified.

JONES and KARNS, JJ., concur.