THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RANDALL DEAN WHITE, Defendant-Appellant.

Fourth District   No. 4—85—0043

Opinion filed August 12, 1985.

Daniel D. Yuhas and Deborah L. Rose, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial, the defendant was convicted of two counts of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(6)) and was sentenced to concurrent terms of three years' imprisonment. In pronouncing sentence, the trial court also ordered the defendant to pay full restitution to all victims in an amount not to exceed the actual loss or damage, and ordered that the balance of his cash bond be applied to restitution. The defendant appeals from the judgment of the circuit court of Vermilion County arguing (1) the restitution ordered should be vacated because the record shows he lacks the future ability to pay restitution, or, alternatively, (2) the cause should be remanded for a determination of his ability to pay, and so that the amount and conditions of restitution may be set.

According to the trial evidence, Vermilion County deputy sheriffs Ronald DeBarba and Edgar Shaw were injured while arresting the defendant for breaking into the residence of his ex-spouse. DeBarba testified the defendant delivered a blow to the bridge of his nose, causing a half-inch laceration running diagonally. Shaw testified that in a struggle following the arrest, the defendant grabbed his left ring finger and twisted it. Both officers received treatment for their in-

juries at St. Elizabeth Hospital. Shaw testified his knuckle had been shattered in three places, requiring surgery, and that he had daily therapy until October 4, 1984, and at the time of trial still received therapy twice weekly. The record shows that Shaw's Masonic ring had to be cut from his finger at the hospital; the presentencing report shows Shaw advised his loss totaled $99.

As argued by the defendant on appeal, no testimony was presented below as to the amount of medical expenses incurred by the injured officers. He contends that the restitution provision of the Unified Code of Corrections (Code) requires a hearing be held to assess his financial capacity to make restitution and to determine the amount and conditions of payment. Defendant also argues that no testimony was presented concerning his ability to pay restitution, and suggests that he has no future ability to pay in view of his sentence of imprisonment.

Section 5—5—6 (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—6) is the Code provision providing for restitution. The language of that section in effect at the date of defendant's sentencing hearing on December 20, 1984, provided in part:

"An offender may be sentenced to make restitution which shall be determined by the Court as hereinafter set forth:

(a) At the sentence hearing, the court shall determine *** whether the defendant should be required to make restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant ***.

(b) In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge *** and insurance carriers who have indemnified the named victim *** provided that in no event shall restitution be ordered to be paid on account of pain and suffering.

* * *

(e) The court may require the defendant to apply the balance of the cash bond, after payment of court costs, and any fine which may be imposed to the payment of restitution.

(f) Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full.

(g) A sentence of restitution may be modified or revoked by

the court if the offender commits another offense, or the offender fails to make restitution as ordered by the court, but no sentence to make restitution shall be revoked unless the court shall find that the offender has had the financial ability to make restitution, and he has wilfully refused to do so." Ill. Rev. Stat., 1983 Supp., ch. 38, par. 1005—5—6.

■ The State concedes that the cause must be remanded for a hearing on the amount of restitution and the manner of payment (*People v. Pearson* (1982), 108 Ill. App. 3d 241, 439 N.E.2d 31; *People v. Daminski* (1980), 80 Ill. App. 3d 903, 906, 400 N.E.2d 708, 711); but contends that defendant's objection that the trial court failed to determine his ability to pay has been waived, as it was not raised at the sentencing hearing and the record reflects his ability to pay. This court has applied the waiver doctrine in such cases. (*People v. Pearson* (1982), 108 Ill. App. 3d 241, 439 N.E.2d 31; *People v. Eades* (1984), 123 Ill. App. 3d 113, 462 N.E.2d 819; see also *People v. Wilson* (1980), 87 Ill. App. 3d 544, 408 N.E.2d 1209.) We find it unnecessary to consider the waiver doctrine here since, as will be discussed below, the above restitution provision does not require the court to determine a defendant's ability to pay when ordering restitution. We, therefore, reject defendant's first argument on the merits.

■ First, the restitution provision no longer refers to a presentencing hearing to assess the financial capacity of the defendant to make restitution. Prior to its amendment, the provision did refer to a presentencing hearing; such a hearing was deemed discretionary, however, and the matter could instead be considered at the sentencing hearing. (*People v. Eades* (1984), 123 Ill. App. 3d 113, 462 N.E.2d 819.) The restitution provision effective July 1, 1984, does not require the court to hold a hearing to assess the defendant's financial capacity to make restitution. The defendant's financial capacity is a *required* consideration only (1) when determining the manner of payment and (2) if a petition to revoke restitution is filed (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 1005—5—6(f), (g)). See, *e.g., People v. Tidwell* (1975), 33 Ill. App. 3d 232, 238-39, 338 N.E.2d 113, 118.

■ ■ Second, the trial judge commented at sentencing on the fact that defendant was a highly employable individual, and the presentence report shows he had been employed in various positions since about 1968. Although unemployed at the time of the sentencing hearing, defendant had testified at a hearing on October 3, 1984, that he was self-employed as a roofer, earning about $1,500 per month. The statute authorizes the court to require the defendant to apply the balance of a cash bond to the payment of restitution, and such an or-

der was made here, with no objection by defendant. The record therefore appears to support the conclusion that the defendant has the financial capacity to make restitution. The trial court has determined that the defendant should be required to make restitution and any objection to using the bond deposit after costs for restitution is waived.

Since the amount of restitution is unknown, it cannot be determined whether the bond deposit after costs is sufficient to pay the restitution in full. Only when the amount of restitution is determined will the trial court then be in a position to proceed to a hearing to determine a defendant's manner and time of payment. If the bond deposit after costs is sufficient to pay the determined restitution, the need for further hearing as to time and manner of payment may be mooted.

■ Third, the fact that the defendant has been ordered to serve a term of imprisonment does not, of itself, render an order of restitution improper. (See, *e.g., People v. Wilson* (1980), 87 Ill. App. 3d 544, 408 N.E.2d 1209.) The defendant was sentenced to concurrent terms of three years' imprisonment, and the statute permits the court to fix the period of restitution not in excess of five years. We conclude that the term of imprisonment is instead a factor to be considered in assessing the defendant's ability to pay and in determining the manner and time of payment when fashioning the restitution order.

■ We agree that the restitution order must be vacated and the cause remanded to the circuit court with directions to hold a hearing to determine the amount of restitution to be paid and the conditions of payment.

Conviction and sentence affirmed; order of restitution vacated and remanded with directions.

Affirmed in part; vacated in part; and remanded.

GREEN, P.J., and TRAPP, J., concur.