THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RANDALL DEAN WHITE, Defendant-Appellant.

Fourth District   No. 4—85—0809

Opinion filed September 15, 1986.—Rehearing denied October 8, 1986.

Daniel D. Yuhas and Deborah L. Rose, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Linda Welge, all of State's Attorneys Appellate Prosecutor, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

This is defendant's second appeal contesting the validity of a restitution order entered by the circuit court of Vermilion County. We reverse the restitution order finding that it was an invalid order because of its indefinite nature and failure to follow statutory provisions concerning restitution.

After a jury trial, defendant was convicted of two counts of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(6)), and the trial court sentenced him to three years' imprisonment. The court ordered defendant to make full restitution to the victims for their actual losses. The factual underpinnings of the initial conviction and sentence are adequately set forth in *People v. White* (1985), 135 Ill. App. 3d 563, 482 N.E.2d 134, and will be repeated here only as necessary for an understanding of our disposition.

Two sheriff's deputies were injured during an altercation which occurred while the deputies were attempting to arrest defendant, who was breaking into the residence of his former spouse. Ronald De-Barba testified that defendant hit him and cut his nose. Edgar Shaw testified that defendant grabbed his left ring finger, twisted it, and broke his knuckle in three places. Shaw further testified that his knuckle required surgery, daily physical therapy until October 1984, and at the time of trial, therapy twice weekly. The presentence report

noted that Shaw stated his total loss was $99 for a ring which had to be cut from his finger at the hospital.

The trial judge stated:

> "The judgment order of this Court will include an order on full restitution to all victims within the statutory requirement that restitution will be paid in an amount not to exceed the actual loss or damage to the victims."

In his first appeal, defendant argued that the restitution order should be vacated because the record established that he lacked the future ability to pay restitution. He also argued that the cause should be remanded for a determination of his ability to pay and so that the court could set the amount and conditions of restitution. The State conceded the cause had to be remanded for a determination of the amount of restitution and manner of payment. This court vacated the restitution order and remanded, directing the trial court to determine the amount of restitution to be paid and the conditions of payment. *People v. White* (1985), 135 Ill. App. 3d 563, 567, 482 N.E.2d 134, 136-37.

On October 25, 1985, pursuant to the remand, the trial court held a restitution hearing. The parties stipulated to the admission of medical bills through April 11, 1985, which had been paid either by the Vermilion County sheriff's department or its workers' compensation carrier and documents representing lost wages and the ring.

The trial judge stated:

> "My initial order is still my order in this case. The defendant is required as a sentence to pay an amount not to exceed the actual loss or damage to the victim. Since the deputy is still under medical care, I am unable at this time to determine the actual loss or damage to the victim. I am able to determine the loss or damage to the victim and to the insurance companies at this point in time.
>
> I will enter a judgment against the defendant and order by way of sentence that he repay the sum of $12,884.25, *reserving for further hearing the right to determine any additional expenses incurred as a result of this same loss or injury within a period of time that the defendant is incarcerated.* There obviously has to be a cut-off point at some time, and I would assume that the additional restitution order in this case will *be minimal. The defendant will be noticed in and given an opportunity to be heard.*
>
>             \* \* \*
>
> I enter sentence in the amount of $12,884.25 with payment to

be made in an amount not to exceed 50% of all prison-earned income while the defendant is incarcerated and in reasonable periodic payments after release." (Emphasis added.)

■ Initially, defendant argues that the State waived the right to seek any restitution beyond that set out in the presentence report by not initially seeking restitution. The argument has little merit. Waive is defined as: "To abandon, throw away, renounce, repudiate, or surrender a claim, a privilege, a right, or the opportunity to take advantage of some defect, irregularity, or wrong. To give up right or claim voluntarily." (Black's Law Dictionary 1417 (5th ed. 1979).) Section 5—5—3 of the Unified Code of Corrections (Code) provides that restitution is an authorized increment to a prison sentence for a felony or misdemeanor conviction. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3.) Section 5—5—6 of the Code provides that the sentencing judge shall determine whether restitution is an appropriate sentence. If restitution is appropriate, the provisions of section 5—5—6 set forth the method which the sentencing judge must use to determine the amount and conditions of payment. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6.) Restitution, as a part of the sentence available for an offense, is not by definition a claim, privilege, or right which the prosecution may waive by failing to present sufficient evidence.

■ Defendant next argues that the State vindictively attempted to penalize him for exercising his right of appeal, thus violating the rationale of *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, and *Blackledge v. Perry* (1974), 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098. At the restitution hearing on remand, defendant argued the "waiver" issue and that the mandate of this court precluded considering the documents presented by the State. He did not argue that due process or section 5—5—4 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—4) precluded imposition of a higher restitutionary amount than was initially imposed. Absent plain error, a defendant who fails to raise an issue at the sentencing hearing or in a written post-trial motion, waives review of the issue. (*People v. Friesland* (1985), 109 Ill. 2d 369, 488 N.E.2d 261; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Defendant has waived review of this issue.

■ On the merits we note that initially the trial court failed to set a numerically specific amount of restitution. The trial court's order that defendant pay full restitution remained the same after the hearing on remand. On the facts presented here, the State did not attempt to penalize defendant for exercising his right to appeal.

■ Defendant next argues, and we agree, that the restitution

order is defective. In construing a statute, the court should look first to the terms of the statute which are the best means of ascertaining legislative intent. (*People v. Larson* (1985), 132 Ill. App. 3d 594, 478 N.E.2d 439.) Generally, courts presume the legislature intended undefined words to have their popularly understood meanings. (*People v. Steppan* (1985), 105 Ill. 2d 310, 317, 473 N.E.2d 1300, 1304; *People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473.) The courts also presume the legislature did not intend injustice in enacting the statute. (*People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300.) When statutory language is clear on its face, its meaning should be given effect without resort to supplementary principles of statutory construction. (*People v. Singleton* (1984), 103 Ill. 2d 339, 341, 469 N.E.2d 200, 202.) Generally, the use of the word "shall" indicates a mandatory legislative intent. (103 Ill. 2d 339, 341, 469 N.E.2d 200.) Additionally, in Illinois any ambiguity in a criminal statute is resolved in favor of the defendant. (*People v. Foster* (1983), 99 Ill. 2d 48, 457 N.E.2d 405.) Thus, nothing may be taken by intendment or implication beyond the obvious or literal meaning of the statute. *People v. Kettler* (1984), 121 Ill. App. 3d 1, 459 N.E.2d 7.

With the above principles in mind, we turn to the language in question applicable in the instant case. Section 5—5—6 of the Code states in part:

"The court shall *at the sentence* [*sic*] *hearing determine whether restitution is an appropriate sentence* to be imposed on each defendant convicted of an offense. If the court determines that an order directing the offender to make restitution is appropriate the offender may be sentenced to make restitution which shall be determined by the Court as hereinafter set forth:

(a) At the sentence [*sic*] hearing, the court shall determine *** whether the defendant should be required to make restitution in cash ***.

(b) In fixing *the amount of restitution to be paid in cash*, the court shall ***

\* \* \*

(f) Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, and *shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full*." (Emphasis added.) Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 1005—5—6(a), (b), (f).

Initially, we note that the statute states that the court shall

determine whether restitution is appropriate. Then, the court is directed to determine at the sentencing hearing the form of the restitution. A defendant may be ordered to return property in kind, restore it, or make a cash payment. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6(a).) Section 5—5—6(b) notes the factors that the court should consider "[i]n fixing the amount of restitution to be paid in cash." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6(b).) Giving the language of the statute its ordinary meaning and reading it in context, a definite amount of restitution must be set by the court at the sentencing hearing. In the instant case, even after the restitution hearing on remand, the court did not set a certain restitutionary amount, but left the amount open and subject to increase. This is not permissible and does not comply with the statutory language.

■ The final judgment in a criminal case is the sentence. (*People v. Caballero* (1984), 102 Ill. 2d 23, 464 N.E.2d 223, *cert. denied* (1984), 469 U.S. 963, 83 L. Ed. 2d 298, 105 S. Ct. 362.) Absent the sentence, an appeal ordinarily cannot be entertained because the judgment is not final. (*People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180.) In a criminal adjudication restitution, when ordered, is an increment of the sentence imposed. Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6; *People v. Culp* (1984), 127 Ill. App. 3d 916, 925, 468 N.E.2d 1328, 1334.

■ A sentencing order should be so complete as to not require further action by the court or a ministerial officer to ascertain its meaning. (See generally *People v. Akers* (1985), 137 Ill. App. 3d 922, 928, 484 N.E.2d 1160, 1164.) A judgment in a criminal proceeding must be clear and definite so that its meaning may be found from the language used without resort to judicial construction to ascertain its meaning. (*People v. Williams* (1983), 97 Ill. 2d 252, 310, 454 N.E.2d 220, 248, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364; *People v. Davis* (1984), 125 Ill. App. 3d 568, 466 N.E.2d 331.) Sentences in Illinois should be of a fixed, determinant nature. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1.

In the instant case, the trial court in its restitution order made the restitutionary amount, thus the complete sentence imposed, subject to increase at a later date. By its terms, the restitution order necessitated and anticipated further hearing to determine any additional amounts of restitution and to determine defendant's ability to make restitution payments after completion of his term of imprisonment. Consequently, we find the order was invalid on its face as not fixing a clear and definite sentence which would not require further judicial action prior to enforcement (*People v. Williams* (1983), 97 Ill. 2d 252,

454 N.E.2d 220) and as contrary to the language of the restitution statute.

Although we recognize that in cases of continuing injury the full extent of the injury and damages to the victims may not be ascertainable at the sentencing hearing, the imposition of restitution in a criminal proceeding does not foreclose any civil remedy the victim may have. Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(i).

Defendant also argues that the trial court failed to comply with section 1005—5—6(f) when it failed to establish a time within which restitution was to be made. The State argues that the five-year limitation may be inferred. We disagree. Section 5—5—6(f) of the Code states that the trial court shall fix a time, not in excess of five years, within which restitution is to be made. Here, the court failed to state any time limitation. As noted earlier, the use of the word "shall" is generally considered mandatory. (*People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200.) A court may not by inference alter the language of a criminal statute. (*People v. Kettler* (1984), 121 Ill. App. 3d 1, 459 N.E.2d 7.) The court should have fixed on the record the time period within which restitution was to be made.

For the above reasons, we reverse the restitution order.

Reversed.

WEBBER and MORTHLAND, JJ., concur.