THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMUEL L. STINSON, Defendant-Appellant.

Fourth District   No. 4—89—0851

Opinion filed July 26, 1990.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On April 25, 1989, defendant Samuel Stinson was found guilty of committing three counts of the offense of theft over $300. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1).) He was subsequently placed on 24 months' probation, with the question of restitution specifically reserved. Defendant appeals this sentence. We reverse and remand.

The evidence shows defendant was convicted for the theft of several copper coils from the General Motors (GM) plant at which he worked. These coils were recovered from a salvage dealer and returned to their proper owner. At the sentencing hearing, the State sought an order directing defendant to pay restitution to GM. Defendant objected, observing that the items were returned and, therefore, any restitution should go to the salvage dealers for which no figures were presented. He also noted that he is receiving social security disability as his sole income. The court placed defendant on 24 months' probation and reserved the question of restitution.

■ Defendant correctly argues that it is improper for the court to reserve the question of restitution. In *People v. White* (1986), 146 Ill. App. 3d 998, 497 N.E.2d 888, our court answered this exact question. There, after an analysis of section 5—5—6 of the Unified Code of Corrections (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—6) and the purposes of determinate sentencing, we concluded that it is necessary that the restitution be fixed at the time of sentencing. Failure to do so results in an invalid order. *White*, 146 Ill. App. 3d at 1001-04, 497 N.E.2d at 891-92; see also *People v. Jones* (1988), 176 Ill. App. 3d 460, 465-66, 531 N.E.2d 88, 92.

■ Having observed that an error has occurred, we must now turn our discussion to the appropriate remedy. The State maintains the matter should be remanded for a proper determination on the restitution question, while defendant believes the restitution order

should simply be vacated without remandment. In making his case, defendant relies on *White*, where our court did exactly that. However, to understand the *White* decision, it is necessary to review the case history. The *White* case first came on appeal in *People v. White* (1985), 135 Ill. App. 3d 563, 482 N.E.2d 134. In that case, we determined the trial court failed to comply with section 5—5—6 in ordering restitution by failing to fix the amount and the manner of payment. (*White*, 135 Ill. App. 3d at 566-67, 482 N.E.2d at 136-37.) Accordingly, the restitution order was vacated and the case was remanded for compliance. However, on remand, the trial court again did not fix the amount but left it open to change in the future and failed to establish a time limit within which to pay. (*White*, 146 Ill. App. 3d at 1003-04, 497 N.E.2d at 891-92.) Thus, since the trial court failed to comply with our directions on the initial remand, we were left with little alternative but to reverse the restitution order without remand. This should be treated as a special remedy, directed to an unusual situation, and should not be considered as the appropriate disposition in all cases in which the trial courts fail to comply with section 5—5—6. Rather, the remedy in the original *White* case, which was vacatur of the restitution order with remandment to comply with the statutory provisions, is the better practice. See *People v. Cole* (1990), 193 Ill. App. 3d 990, 996, 550 N.E.2d 723, 728; *Jones*, 176 Ill. App. 3d at 466, 531 N.E.2d at 92-93.

Accordingly, we vacate the restitution order and remand the case for the trial court to comply with the provisions of section 5—5—6 (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—6).

Affirmed in part; vacated in part and remanded.

GREEN and McCULLOUGH, JJ., concur.