THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT R. DURK, Defendant-Appellant.

Fourth District    No. 4—90—0709

Opinion filed June 20, 1991.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On September 19, 1990, following a jury trial in the circuit court of Adams County, defendant Robert R. Durk was found guilty of armed violence and aggravated battery. He was subsequently sentenced on the armed violence conviction to 11 years' imprisonment and ordered to pay restitution. On appeal, defendant maintains (1) the State violated a pretrial ruling by the trial court which prohibited the State from introducing evidence regarding the defendant's use of illicit drugs following the alleged crime, thereby denying defendant a fair trial; and (2) the trial court erred in setting an indeterminate amount of restitution that was subject to increase at a later date. We affirm.

At trial, evidence was introduced that defendant shot Carlous Wires in the face during a dispute outside a bar. Defendant testified that he acted in self-defense and, following the incident, he was disoriented and went home, losing the gun somewhere along the way. During cross-examination, defendant testified as follows:

"Q. [Prosecutor:] Now, the officer testified that he arrested you at 517 Chestnut. Isn't that where—or was it Locust?

A. [Defendant:] 517 Chestnut.

Q. And how long did you spend at home before you went to 517 Chestnut?

A. About 45 minutes.

Q. And what did you do at home?

[Defense Counsel:] Your Honor, I object to the question on the relevancy, and it is outside the scope of the direct.

THE COURT: No, he can answer it.

[Defendant:] A few people stopped by. We snorted some crystal methane and then I took off.

Q. [Prosecutor:] You were so disoriented that you snorted some crystal methane?

[Defendant:] Correct. That is not why I snorted the crystal methane. It wasn't because I was disoriented. It was because I wanted to."

Following the conclusion of defendant's testimony, defense counsel moved for a mistrial, arguing that the prosecutor had violated the motion *in limine*. The court denied the motion, noting that although the testimony was "certainly prejudicial," the defendant's statement was "volunteered."

Defendant argues the State violated the court's ruling on defendant's motion *in limine* by eliciting inflammatory, irrelevant, and prej-

udicial testimony concerning the defendant's use of illicit drugs following the alleged crime. Defendant maintains the evidence of his use of narcotics constitutes evidence of a collateral crime (*People v. Carlson* (1982), 92 Ill. 2d 440, 442 N.E.2d 504), and, as such, is inadmissible (*People v. Lindgren* (1980), 79 Ill. 2d 129, 137, 402 N.E.2d 238, 242). The introduction of evidence of collateral crimes or evidence suggesting prior criminal conduct is normally inadmissible because of the high risk of prejudice accompanying such evidence. *Lindgren*, 79 Ill. 2d at 140, 402 N.E.2d at 244.

■ We note initially that defendant objected at trial to the question, "And what did you do at home?" on the basis of relevancy and being beyond the scope of the direct examination. On appeal, defendant maintains the testimony was immaterial, prejudicially disclosed evidence of collateral but uncharged crimes, and violated the court's pretrial order. Objections at trial on specific grounds waive all other grounds of objection. *People v. Barrios* (1986), 114 Ill. 2d 265, 275, 500 N.E.2d 415, 419; *People v. Douglas* (1989), 183 Ill. App. 3d 241, 257, 538 N.E.2d 1335, 1345.

■ No objection was made here on the basis that the answer would reveal something that would violate the *in limine* ruling. If counsel thought such a result would occur, he could have approached the bench and discussed the *in limine* motion. Moreover, a discussion of the defendant's activities after a crime has been committed is relevant to a discussion of the event itself.

Defendant next argues the trial court's order of restitution was improper, because it was subject to increase at a later date.

At the sentencing hearing, the court entered an order assessing restitution in the amount of $1,153.35 to cover the victim's medical expenses and lost wages. The court ordered that sum to be deducted from the defendant's $2,000 cash bail. The court then ordered that:

> "the rest of the bond money be held for a period of six months for the purpose of affording Mr. Wires the time to purchase glasses, eyeglasses, as well as to pay the bills for the removal of the fragment from his face."

Defendant maintains that portion of the order quoted is void, because it is subject to increase at a later date. He cites *People v. White* (1986), 146 Ill. App. 3d 998, 1003, 497 N.E.2d 888, 891, where this court indicated "a definite amount of restitution must be set by the court at the sentencing hearing."

■ We note that this court further stated in *White* that "[a] sentencing order should be so complete as to not require further action by the court or a ministerial officer to ascertain its meaning" (*White*,

146 Ill. App. 3d at 1003, 497 N.E.2d at 892). Further, in *People v. Cole* (1990), 193 Ill. App. 3d 990, 996, 550 N.E.2d 723, 728, this court elaborated that an order of restitution, in providing for the finality of sentence, should specify: "(1) a maximum dollar limit; (2) a time frame *** and proof of expenses incurred, *e.g.*, within one year of sentencing *** and (5) when bond money is being withheld for use for restitution, a date when any bond monies not so used will be remitted to defendant." In addition, a cap on the amount of restitution was held by this court to be sufficiently determinate to properly state an amount of restitution. *People v. Baugh* (1989), 188 Ill. App. 3d 902, 905, 544 N.E.2d 1165, 1167.

■ Here, as directed in *Cole*, the restitution order is properly limited and will not require further action by the court to ascertain its meaning. The order (1) placed a maximum dollar limit of the lesser of the remainder of the bond monies or the actual expenses incurred by the victim for the purchase of eyeglasses and for the surgery to his face; (2) placed a time limit of six months and, by referring to the purchase of eyeglasses and medical bills incurred, clearly indicated proof of expenses was required; and (3) clearly intended the residual bond monies to be returned to defendant after the victim had been given six months for the opportunity to make the specified expenditures.

The challenged portion of the restitution order conforms to the listed criteria of *Cole* and *Baugh*.

Accordingly, for the reasons stated, the decision of the trial court is affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.