THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EVE-
LINA RICHARDSON *et al.*, Defendants-Appellants.

Second District   Nos. 2—91—0919, 2—91—0920 cons.

Opinion filed October 19, 1993.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate De-
fender's Office, of Elgin, for appellants.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers,
Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appel-
late Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

The defendants, Evelina Richardson and Donald Calhoun, who are
husband and wife, pleaded guilty to theft. (Ill. Rev. Stat. 1989, ch. 38,
par. 16—1(a)(1)(A) (now 720 ILCS 5/16—1(a)(1)(A) (West 1992)).) At
the sentencing hearing held on May 17, 1991, the trial court sen-
tenced the defendants to 30 months' probation and ordered them to
pay restitution in an amount not to exceed $8,517. The court then
continued the case for a hearing to determine the exact amount to be
paid. The hearing was held on August 9, 1991, after which the court
ordered that the defendants pay $8,760. The defendants appeal, con-

tending that the trial court violated section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c) (now codified, as amended, at 730 ILCS 5/5—8—1(c) (West 1992))), which proscribes an increase in sentence once it has been imposed. We affirm.

The defendants were charged with theft of property in excess of $300 from L & R Management Company (L & R). On April 15, 1991, the defendants entered a negotiated plea of guilty in exchange for a term of probation and restitution of the amount stolen. The factual basis for the plea was that the defendants were managers of an apartment building owned by L & R. One of their duties was to collect the rents from the tenants in the building and remit them to L & R. However, a records check revealed that the defendants had not tendered approximately $5,000 to $7,000 collected in rent. The trial court accepted the pleas on the condition that the presentence investigations not reveal any felony convictions. The defendants were then released on a recognizance bond pending a sentencing hearing.

At the sentencing hearing held on May 17, the State asked that the defendants be sentenced to 30 months' probation and that they pay $8,517 in restitution. The defendants agreed with the term of probation but asked for a hearing on the amount of restitution. The trial court sentenced the defendants to 30 months' probation conditioned upon their establishing residence in Lake County and maintaining full-time employment. The court also ordered the defendants to pay restitution to L & R in an amount not to exceed $8,517, and it set a date for a hearing to determine the exact amount of restitution to be paid.

At the restitution hearing held on August 9, Beth Germain, the vice-president of L & R, stated she first became aware of a shortfall when she went to the building managed by the defendants to notify several tenants of delinquencies in their rent payments. In most cases, the tenants were able to show receipts for rent payments which Germain had not received. This led to further investigation by Germain, who compiled a list of the monies that were owed to L & R. Germain's list and accompanying receipts showed that the total amount lost by the company was $8,760. The trial court ordered the defendants to repay that amount to L & R.

The defendants contend that the trial court imposed its sentence on May 17, when it ordered them to pay restitution in an amount not to exceed $8,517. Therefore, the court's later order that they were to pay $8,760 violated section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)

(now codified, as amended, at 730 ILCS 5/5—8—1(c) (West 1992))), which prohibits the trial court from increasing a sentence once it has been imposed.

The State argues that the defendants waived this issue since they did not file a motion to reconsider the sentence, as required under amended Supreme Court Rule 604(d). (Official Reports Advance Sheet No. 8 (April 15, 1992), R. 604(d), eff. August 1, 1992.) However, the defendants' argument is that the August 9 order is void because it was entered outside the sentencing authority of the trial court. The argument that a judgment in a criminal case is void is a matter which can be raised at any time, regardless of whether it was properly preserved for review. (*People v. Perruquet* (1989), 181 Ill. App. 3d 660, 664.) We therefore address the merits of the defendants' argument.

The final judgment in a criminal case is the sentence. (*People v. Caballero* (1984), 102 Ill. 2d 23, *cert denied* (1984), 469 U.S. 963, 83 L. Ed. 2d 298, 105 S. Ct. 362.) In a criminal adjudication, restitution, when ordered, is an increment of the sentence imposed. (*People v. White* (1986), 146 Ill. App. 3d 998, 1003.) A sentencing order should be so complete that no further action by the court or a ministerial officer is required to ascertain its meaning. *White*, 146 Ill. App. 3d at 1003.

In this case, the May 17 order setting a maximum restitution amount of $8,517 was not certain enough that it could be enforced without further judicial action. Unlike other cases which have upheld restitution orders setting a maximum amount to be paid, the trial court's order did not provide that the money was to be used to pay for identifiable costs and expenses incurred by the victim. See *People v. Nash* (1989), 183 Ill. App. 3d 924 (the court's sentencing order provided a maximum amount of money to be paid for the cost of any counseling the victim and her family might require); *People v. Durk* (1991), 215 Ill. App. 3d 186 (the court's sentencing order provided a maximum amount of money to be paid for the purchase of eyeglasses and medical bills).

Thus, the May 17 restitution order was not a final judgment since a second judicial hearing was required in order to determine the exact amount to be paid. Since the May 17 order was not a final judgment, the trial court was not prohibited from subsequently increasing the amount of restitution.

Contrary to the defendants' argument, our holding does not require that we remand the cause for a new sentencing hearing. In *People v. Stinson* (1990), 200 Ill. App. 3d 223, cited by the defendants in support of their argument, the trial court placed the defendant on 24

months' probation and specifically reserved the question of restitution. The appellate court held that the failure to fix restitution at the time of sentencing resulted in an invalid order. (*Stinson*, 200 Ill. App. 3d at 224.) It vacated the restitution order and remanded the case so that the trial court could fix an exact amount of restitution. (*Stinson*, 200 Ill. App. 3d at 225.) In the present case, the trial court fixed an exact amount of restitution on August 9 when it ordered the defendants to pay $8,760. Unlike *Stinson*, there is no need for the case to be remanded to the trial court.

The defendants also argue that the case should be remanded for a determination of a payment schedule. Section 5—5—6(f) of the Unified Code of Corrections states in relevant part:

> "If the defendant is ordered to pay restitution and the court orders that restitution is to be paid over a period greater than 6 months, the court shall order that the defendant make monthly payments; the court may waive this requirement of monthly payments only if there is a specific finding of good cause for waiver." 730 ILCS 5/5—5—6(f) (West 1992).

The trial court explained to the defendants at the May 17 hearing that the restitution was to be paid during the period of probation and that the early termination of their probation would be considered if the restitution was paid before the end of the 30-month period. The court did not order the defendants to make monthly payments. However, the presentence reports indicated that the defendants have numerous debts and are in poor financial condition. The trial judge recognized the defendants' inability to make monthly payments when he told them at the May 17 hearing that they "will have to *** make whatever payments they can towards restitution." We hold that this statement was a sufficient finding of good cause for waiver of the monthly payments. See also *People v. Whitfield* (1986), 146 Ill. App. 3d 322 (trial court's order calling for restitution to be made within one year but not defining a payment schedule was reasonable since the defendant was not yet employed and did not know how much he would be earning or how often he would be paid).

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

BOWMAN and COLWELL, JJ., concur.