*In re* M.Z., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.Z., a Minor, Respondent-Appellant).

Fourth District    No. 4—97—0019

Opinion filed May 29, 1998.

670

Daniel D. Yuhas and Khalil Cox, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Rob-

ert J. Biderman, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

After admitting to a petition to revoke juvenile probation, respondent, M.Z., was committed to the Illinois Department of Corrections, Juvenile Division (DOC). He was also ordered to pay restitution of $1,717.25 for damages caused to a motor vehicle. M.Z. appeals the restitution order, contending (1) the trial court did not have the authority to reserve the restitution order until after he was already sentenced; (2) the charge against M.Z. was criminal damage to property under $300 and it was improper to order restitution above $300; and (3) the evidence was insufficient to establish the damage caused by M.Z. was $1,717.25. We affirm.

M.Z. was adjudicated a delinquent and made a ward of the court on September 7, 1995. He was placed on two years' probation. On September 26, 1996, the State filed a petition to revoke probation alleging M.Z. had committed the offenses of criminal trespass to a motor vehicle in violation of section 21—2 of the Criminal Code of 1961 (Code) (720 ILCS 5/21—2 (West 1996)), criminal damage to property under $300 in violation of section 21—1(1)(a) of the Code (720 ILCS 5/21—1(1)(a) (West 1996)) and driving without a valid license in violation of section 6—101 of the Illinois Vehicle Code (625 ILCS 5/6—101 (West 1996)). On October 24, 1996, M.Z. admitted to all three charges, was again adjudicated a delinquent, and found in violation of probation. A dispositional hearing was set for December 12, 1996.

Supplemental petitions to revoke probation and for adjudication of wardship were filed on October 25 alleging M.Z. had committed the offense of aggravated assault. On October 28 a detention hearing was held at which time M.Z. was ordered detained. On October 31 a further adjudication and dispositional hearing was held. M.Z. stipulated to the evidence introduced at the October 28 hearing and was again adjudicated a delinquent. An immediate dispositional hearing was held. M.Z. was committed to the DOC and given his appeal rights. The issue of restitution was reserved because the amount listed in the social investigation filed that day was contested by M.Z. and did not include a description of how the restitution figure was computed.

A hearing on restitution was held on December 12. C.J. Fraher, the body shop manager for Driscoll Motors, testified he examined a 1994 Oldsmobile Cutlass Cierra on February 5, 1996, to prepare an estimate of the damage to the vehicle. He put the car on a lift and

noted the car's engine support or subframe had been pushed back from its proper position; the car's radiator was damaged and the right front fender had damage underneath the bumper cover. Fraher stated the damage was consistent with the vehicle having been driven through a ditch. He explained the work that would be necessary to fix the damage, itemized all the labor and parts and estimated it would cost $1,717.25 to repair. Fraher also identified photographic exhibits of the car.

M.Z.'s mother, Ruth Rogers, testified during January 1996 she obtained a "loaner" vehicle from Driscoll Motors while her own vehicle was being repaired. She returned the loaner to Driscoll the following evening and did not notice any problems. That evening someone from Driscoll telephoned her and asked if she had driven the car into a ditch. Rogers stated she had not. The person from Driscoll told her the front license plate and cover were missing, the front bumper had scratches, and there was mud underneath the front fender. A few weeks later Roger was notified by Driscoll the damage was more extensive than originally thought.

M.Z. testified he drove the loaner car his mother obtained from Driscoll for about five minutes. He drove down a road, through a ditch and a field, and then parked the car. M.Z. stated the ditch had a gradual rather than a sharp drop and he was driving only about 10 miles per hour. The driver's side of the car had gone into the ditch, and M.Z. did not deliberately drive into the ditch but slipped off the road. He noticed the front license plate was missing after he drove the car. M.Z. stated the car in the photographic exhibits looked like the car he drove.

The trial court then ordered restitution in the amount of $1,717.25 to be paid by M.Z. to Driscoll Motors. M.Z. filed a notice of appeal on January 3, 1997.

M.Z. first contends it was error for the trial court to reserve the issue of restitution until after his commitment to DOC. The State argues the issue has been waived. Neither at the time the court reserved the issue nor at the time the restitution hearing was held did M.Z. or his counsel express any objection. No posttrial motion was filed.

■ The State argues the failure to file a motion to reconsider a disposition waives any dispositional issue even if the challenge is only to restitution. *People v. Fontana*, 251 Ill. App. 3d 694, 704, 622 N.E.2d 893, 901 (1993). Specifically, the failure to object to a court's inaction at the time a restitution order is entered or in a later motion contesting the order operates as a waiver of the issue. *People v. Kirkpatrick*, 272 Ill. App. 3d 67, 72-73, 650 N.E.2d 267, 271 (1995).

However, the written posttrial motion requirement is inapplicable in the delinquency appeals process (*In re W.C.*, 167 Ill. 2d 307, 318-27, 657 N.E.2d 908, 914-19 (1995)) and we elect to address the merits.

A restitution order will not be reversed absent a showing of an abuse of discretion. *People v. Rayburn*, 258 Ill. App. 3d 331, 335, 630 N.E.2d 533, 537 (1994). We find no abuse of discretion under the particular facts of this case.

█ Pursuant to section 5—23 of the Juvenile Court Act of 1987 (705 ILCS 405/5—23 (West 1996)), a minor who has been found delinquent may be ordered to pay restitution under the terms and conditions of section 5—5—6 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—6 (West 1996)). Section 5—5—6, before it was amended effective December 31, 1996, provided:

"[T]he court shall at the sentence hearing determine whether restitution is an appropriate sentence ***:

(a) At the sentence hearing, the court shall determine *** whether the defendant should be required to make restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant ***.

(b) In fixing the amount of restitution to be paid in cash, the court shall *** assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge ***." 730 ILCS 5/5—5—6(a), (b) (West 1994).

█ Generally, restitution must be ordered at the time of the dispositional hearing after a minor has been found delinquent. See *People v. Stinson*, 200 Ill. App. 3d 223, 224, 558 N.E.2d 642, 643 (1990); *People v. Jones*, 176 Ill. App. 3d 460, 465-66, 531 N.E.2d 88, 92 (1988). This is the better practice. However, in this case, it was appropriate for restitution to be reserved because of the unique factual situation. M.Z. was found delinquent and his probation revoked on the charges of criminal trespass to a motor vehicle, criminal damage to property under $300 and driving without a valid license on October 24, 1996. The dispositional hearing on those charges was set for December 12. The next day, on October 25, a supplemental petition to revoke probation and one for adjudication of wardship were filed alleging M.Z. had committed aggravated assault.

On October 31 an adjudication hearing was held on the *new* charge. M.Z. stipulated to the evidence and was adjudicated a delinquent. An immediate dispositional hearing was held. While it is not clear in the record, it appears the dispositional hearing held on October 31 pertained to the aggravated assault charge only. As M.Z. was not "sentenced" on the criminal damage to property charge, it

was permissible for the trial court to reserve the restitution issue until a dispositional hearing was conducted on the original petition to revoke. That dispositional hearing previously had been set for December 12, and on that date restitution was ordered.

Further, if the dispositional hearing on October 31 actually did purport to include disposition for the criminal damage charge, the social investigation report filed that day included a figure for restitution for the charge of criminal damage to property, which was *contested* by M.Z.'s mother and his counsel. Because the report gave only a final figure for the damages and the person who prepared the report was not in court, the trial court chose to reserve ruling on restitution until the person who compiled the figure could present evidence on how the contested figure was computed. In that respect, the reservation of the restitution issue was a continuance and was not an abuse of discretion on the part of the trial court.

■ M.Z.'s second contention is, because the charge against him was for criminal damage to property under $300 only, it was error to order restitution in an amount greater than the charge. In general, a trial court is not empowered to set conditions of restitution that extend to matters unrelated to the charges before the court. See *People v. Chapin*, 233 Ill. App. 3d 28, 34, 597 N.E.2d 1250, 1255 (1992). However, pursuant to section 5—5—6 of the Unified Code, a defendant may be ordered to make restitution for losses sustained "proximately caused by the same criminal conduct of the defendant" as that of which he was convicted. 730 ILCS 5/5—5—6(b) (West 1994); *Fontana*, 251 Ill. App. 3d at 706, 622 N.E.2d at 902.

In this case, M.Z. was only charged with criminal damage to property under $300, a misdemeanor. 720 ILCS 5/21—1(2) (West 1996). The State chose to charge M.Z. with a misdemeanor rather than a felony for criminal damage that exceeded $300, thereby limiting his juvenile record to a misdemeanor adjudication. Thus, M.Z. was treated favorably due to the State's charging discretion, but he is still responsible for all damage proximately caused by his actions. There was no error in ordering restitution for all damages proximately caused by M.Z.'s actions.

■ Finally, M.Z. contends the State did not prove the damage caused to the automobile in question was caused by him as there was no evidence presented concerning the condition of the vehicle when Driscoll loaned it to his mother. The determination of the appropriate amount of restitution is left to the sound discretion of the trial court. *Rayburn*, 258 Ill. App. 3d at 335, 630 N.E.2d at 537. A trial court's dispositional order is entitled to great deference and will not be reversed absent an abuse of discretion. *In re S.M.*, 229 Ill. App. 3d 764, 768-69, 594 N.E.2d 410, 413 (1992).

The damage testified to by Fraher was consistent with M.Z.'s own testimony he drove the car through a ditch. M.Z. testified the vehicle in the photographic exhibits identified by Fraher looked like the same vehicle he drove. Rogers testified after she returned the vehicle to Driscoll she received a telephone call that same evening from someone at Driscoll telling her of the superficial damage to the bumper and the mud under the vehicle and asking her if she had driven into a ditch. Rogers denied having done so but M.Z. admitted in his testimony he drove the loaned vehicle from Driscoll into a ditch.

From this testimony, there was sufficient evidence to find the damage inflicted on Driscoll's vehicle was proximately caused by the conduct of M.Z.

The judgment of the trial court is affirmed.

Affirmed.

GARMAN, P.J., and STEIGMANN, J., concur.