THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONNIE K. STITES, Defendant-Appellant.

Fourth District   No. 4—01—0272

Opinion filed December 18, 2003.—Rehearing denied January 26, 2004.

Daniel D. Yuhas and John M. McCarthy, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MYERSCOUGH delivered the opinion of the court:

A jury convicted defendant, Ronnie K. Stites, of criminal trespass and unlawful restraint. The trial court sentenced defendant to 2 years' imprisonment for unlawful restraint (720 ILCS 5/10—3(a) (West 2000)) and 90 days for criminal trespass to state-supported land (720 ILCS 5/21—5(a) (West 2000)) and ordered defendant to pay $570 in restitution for property damage. Defendant appeals the restitution order. We affirm.

## I. BACKGROUND

On November 17, 2000, the State charged defendant with domestic battery (720 ILCS 5/12—3.2(a)(1) (West 2000)), unlawful restraint (720 ILCS 5/10—3(a) (West 2000)), and criminal trespass to state-supported land (720 ILCS 5/21—5(a) (West 2000)). In January 2001, the trial court conducted a jury trial. The evidence revealed that while investigating a reported domestic battery involving defendant, the Quincy police department received a report that defendant was in the Lampe high-rise apartments, property of the Quincy housing authority. Despite the fact that defendant had been previously banned from the high-rise apartments, he was reportedly within his mother's Lampe apartment. Two Quincy police officers went to the apartment and knocked several times on the door. They received no response. With the assistance of a Quincy housing officer, the officers entered the apartment and found Evelyn Stites, defendant's mother, seated alone with the lights turned off.

When asked, Evelyn told the officers that defendant was not in the apartment. An officer asked Evelyn for permission to search the apartment. She denied his request. With the permission and assistance of the Quincy housing authority officer, the officers insisted and led Evelyn out of the apartment.

In their search for defendant, the officers forced their way into the bedroom by kicking down the door. As a result, the Quincy housing authority had to replace the bedroom door and lock. During the course of the presentence investigation, defendant completed a "subject's statement." This statement allows the defendant to state what he wishes the court to consider in determining his sentence.

In the present case, defendant wrote the following:

> "I ask that you please give *** me one year in the Adams County [j]ail. Preform [*sic*] public service hours on swap the whole year that I'm here in the jail. Impose a large fine. *Restitution for the*

*damage of the apartment at Lampe-Hi-Rise [sic]. Of the door and wall the officers kicked in to try to find me."* (Emphasis added.)

The jury found defendant guilty of unlawful restraint (720 ILCS 5/10—3(a) (West 2000)) and criminal trespass to state-supported land (720 ILCS 5/21—5(a) (West 2000)). The trial court sentenced defendant as stated and ordered defendant to pay $570 in restitution for the damage to the apartment. This appeal followed.

## II. ANALYSIS

Defendant now argues that the trial court abused its discretion when it ordered him to pay restitution for damages caused by the police officers. We disagree and affirm.

### A. Standard of Review

■ On appeal, the court should reverse a trial court's restitution order only where the trial court has abused its discretion. *In re M.Z.*, 296 Ill. App. 3d 669, 673, 695 N.E.2d 587, 589 (1998).

### B. The Restitution Order Was Proper

■ ■ Defendant argues that the trial court improperly ordered him to pay restitution for the property damage done to his mother's apartment. Illinois law allows restitution for property damage occurring as a result of the criminal acts of the defendant. 730 ILCS 5/5—5—6 (West 2000). The statute states:

> "In all convictions for offenses in violation of the Criminal Code of 1961 in which the person received any injury to their person or damage to their real or personal property *as a result of the criminal act of the defendant*, the court shall order restitution as provided in this [s]ection." (Emphasis added.) 730 ILCS 5/5—5—6 (West 2000).

Because the damage was not directly caused by defendant's act, defendant argues that ordering restitution was not permitted by the statute. We agree the damage to the door occurred when the officers forced entry to the bedroom, but we disagree with defendant's argument that the statute does not authorize restitution under these circumstances. The statute does not require the damage to have been directly caused by an act of the defendant. Rather, the damage must be *a result* of the criminal act of the defendant. 730 ILCS 5/5—5—6 (West 2000). Here, the damage to the door occurred as a result of defendant's criminal trespass on state-supported land. Had defendant not eluded the officers by hiding in the bedroom, they would not have had to force entry. The trial court did not abuse its discretion in ordering defendant to pay restitution for the damage occurring as a result of his criminal acts.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's order requiring defendant to pay restitution.

Affirmed.

STEIGMANN and APPLETON, JJ., concur.