[Cite as *Hawkins v. Green*, 2011-Ohio-5175.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96205

## SANFORD HAWKINS

PLAINTIFF-APPELLANT

vs.

## MICHELLE GREEN

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-706500

**BEFORE:**   Stewart, J., Blackmon, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   October 6, 2011

**ATTORNEY FOR APPELLANT**

Daniel Walker
White & Walter Co., L.P.A.
75 Public Square, Suite 1310
Cleveland, OH    44113


**FOR APPELLEE**

Michelle Green, Pro Se
1758 Sunset Drive
Richmond Hts., OH    44143


MELODY J. STEWART, J.:

{¶ 1}   Plaintiff-appellant, Sanford Hawkins, appeals from the trial court's entry of judgment for defendant-appellee, Michelle Green, in an action alleging breach of an oral contract for residential remodeling services.   Hawkins complains that the trial court erred in finding that:   (1) his contract performance was incomplete, (2) he failed to prove claimed damages by a preponderance of the evidence, and (3) Green was not in breach of the oral agreement.   Hawkins also contends that these determinations were against the manifest weight of the evidence.

{¶ 2}   Initially, Green and contractor Wilson Jones negotiated and signed a written contract in the amount of $16,878 for home improvement services to be rendered.   Green gave Jones a down payment of $8,000.   Hawkins had referred Jones to Green, since Hawkins and Jones were longtime friends and alleged business partners. Hawkins was

also present when the written contract was entered into, but was not a signatory. He participated in the undertaking as a project manager.

{¶ 3} In April 2009, Green terminated Jones for poor workmanship. Thereafter, Hawkins expressed remorse for the resulting predicament and allegedly entered into an oral agreement with Green to complete the home refurbishing project, utilizing Jones's previous written contract as a template for tasks to be finished.

{¶ 4} Hawkins enlisted numerous subcontractors to assist him in completing the project, but did not provide receipts to Green describing the labor and materials expended. Thereafter, Hawkins presented Green with a close replication of the original written contract and entitled it "itemized final invoice for work performed." The invoice was for the amount of $8,338, payable upon receipt. The invoice, dated September 8, 2009, further indicated that the work was completed on July 2, 2009, that Green had prepaid an amount of $2,000, and then another $1,000 after presentment, with a balance owed of $7,338. Green balked at making any additional payments, and on October 9, 2010, Hawkins filed suit.

{¶ 5} A bench trial was held on November 16, 2010, to determine if a contract existed, and if so, the terms of the contract. Hawkins's account of the verbal contractual terms wholly conflicted with Green's account. Hawkins testified that he started the project under the assumption that his compensation would be the outstanding balance on the original written contract ($8,878) along with out-of-pocket expenses, upon completion. Hawkins also called witness Jeffrey Martin, a worker who aided in the

renovation.  Martin testified that he was present during a discussion between Green and Hawkins where Green agreed to compensate Hawkins in the amount remaining on the written agreement upon completion. Hawkins further claimed that his agreement with Green entailed carrying out the tasks that remained on the contract [except for the bathroom], with payment due upon completion.  He also testified that he had completed the unfinished remodeling projects in their entirety, and then offered into evidence the invoice dated September 8, 2009.

{¶ 6}  Green, proceeding pro se, did not offer any sworn testimony.  She made an opening statement, conducted cross-examinations, made a closing argument, and entered into evidence a copy of the original written contract along with cancelled checks and a money order, paid to Hawkins and Martin, in the amount of $3,141.  She also authenticated and submitted into evidence receipts for construction materials that she had obtained from counsel for Hawkins, in the amount of $2,705.64.  While doing so, Green stated to the court that she had doubts about the accuracy of one particular receipt related to a floor refinishing project, since the job had not been completed.

{¶ 7}  The trial court found that an oral contract for services did exist.  Testimony from Hawkins and receipts in evidence established that Green had incrementally compensated Hawkins prior to the alleged completion of the contract and had additionally paid Hawkins again after he presented the invoice.  However, the court found that the evidence in the record, consisting of Hawkins's testimony and a single invoice, did not support his contention that he had completely performed the contract.  The court also

found that he had not established the damages element of his breach of contract claim through credible evidence. Nevertheless, the court concluded that Hawkins's documented expenditures for construction materials, evidenced by receipts in the amount of $2,705.64, was sufficient to prove damages. Green's cumulative payments to him of $3,141, however, exceeded Hawkins's demonstrated expenses. Therefore, since Green had paid Hawkins an amount greater than his damages as supported by the receipts, the court determined that Green was not obligated to pay Hawkins any further money pursuant to their agreement.

{¶ 8} Hawkins, in his sole assignment of error, complains that the trial court's ruling in favor of Green was against the manifest weight of the evidence.

{¶ 9} On a challenge to the manifest weight of the evidence in a civil case, we neither weigh the evidence nor judge the credibility of the witnesses. Our duty is to determine whether there exists competent and credible evidence in the record upon which the fact-finder could base its decision. *Abernethy v. Abernethy*, 8th Dist. No. 92708, 2010-Ohio-435. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at syllabus.

{¶ 10} "[T]o prove a breach of contract claim a plaintiff must demonstrate by a preponderance of the evidence that: (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted

from this failure." *Circuit Solutions, Inc. v. Mueller Elec. Co.*, 9th Dist. No. 07CA009139, 2008-Ohio-3048, ¶12. As a general rule, the measure of damages in a contract action is the sum necessary to place the nonbreaching party in as good a position as he would have been had the contract been fully performed. *F. Ent., Inc. v. Kentucky Fried Chicken Corp.* (1976), 47 Ohio St.2d 154, 351 N.E.2d 121. A plaintiff can only be compensated for damages for breach of contract for "an amount that is established by the evidence with reasonable certainty." *Kinetico, Inc. v. Indep. Ohio Nail Co.* (1985), 19 Ohio App.3d 26, 30, 482 N.E.2d 134.

{¶ 11} In *Gadd v. Riddle*, 7th Dist. No. 288, 2002-Ohio-1570, ¶2, a contractual dispute between a residential remodeling contractor and a homeowner, "[a] disagreement arose between the parties concerning payment of the final amount owing and completion of the work." In this instance, the trial court was upheld on appeal when it relied only upon "competent, credible evidence," in the form of testimony, material lists, and itemized lists of expenses to calculate an amount due under the contract. Id. at 30; see, also, *Yuhanick v. Cooper*, 7th Dist. No. 99 CO 37, 2001-Ohio-3202, ¶4 ("time logs for the labor and receipts for the materials" is competent, credible evidence in support of damages flowing from breach of oral construction contract).

{¶ 12} Here, while the trial court found that an actionable oral contract existed between Green and Hawkins, its conclusion that Hawkins failed to fulfill his obligations pursuant to that contract is based upon competent and credible evidence: the absence of numerous receipts for claimed labor and materials expenditures. Hawkins did not

produce receipts for materials utilized for repairs and upgrades to cabinetry, electrical upgrades, tiling, flooring, doors, and gas lines. This in turn cast doubt upon the accuracy and trustworthiness of his invoice.

{¶ 13} The trial court tallied the receipts presented by Hawkins, as well as cancelled checks offered into evidence by Green. See *Gadd*, 7th Dist. No. 288, ¶29 (awarding remodeling contractor difference between his receipts for construction materials and homeowner's documented expenditures). An uncomplicated mathematical calculation of the evidence revealed that Hawkins had been compensated by Green in excess of his proven expenditures.

{¶ 14} Hawkins's sole assignment of error is without merit.

Judgment affirmed.

It is ordered that appellee recover of appellant her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR